[Civ. No. 18985. Second Dist., Div. Three. Nov. 26, 1952.]

IDEAL HARDWARE AND SUPPLY COMPANY (a Corporation), Appellant, v. DEPARTMENT OF EMPLOYMENT et al., Respondents.

Trent G. Anderson, Jr., for Appellant.

Edmund G. Brown, Attorney General, Irving H. Perluss, William L. Shaw, and Vincent P. Lafferty, Deputy Attorneys General, for Respondents.

SHINN, P. J.—Prior to August 1, 1946, Weston F. Kreck and C. W. Kreck conducted as copartners a wholesale and retail hardware business under the name of Ideal Hardware and Supply Company. On that date the partnership was dissolved. The partnership had conducted a wholesale business at one location and a retail business at another. Weston F. Kreck acquired the wholesale division and C. W. Kreck the retail division, and each was thereafter operated separately. On April 25, 1947, Weston F. Kreck made an equitable assignment of assets for the benefits of creditors to M. W. Engleman who operated the business with and for the benefit of Kreck. Plaintiff corporation acquired the wholesale business on September 30, 1948, and has ever since conducted the same.

The partnership had had a favorable employment record and a resulting favorable reserve account under the Unemployment Insurance Act (3 Deering's Gen. Laws, Act 8780d, art. 4) and was entitled to a contribution rate of 1.5 per cent rather than the usual rate of 2.7 per cent. After dissolution of the partnership the Department of Employment notified Weston F. Kreck his future rate of tax contribution would be 2.7 per cent. As to Engleman, as assignee, the account was transferred with a rating of 2.7 per cent. Kreck filed a petition with the department, and later with the Appeals Board, for transfer of the partnership reserve account, claiming to be entitled to the 1.5 per cent rating of the predecessor partnership. Kreck's claim was based on section 41.5 of the act.

At the time of the transfer the act provided the reserve account would be transferred to a successor employer if he acquired "substantially all the assets" of the predecessor employer. In 1947 the section was amended to also give the right of transfer of the former rating to one who acquired "a distinct and severable portion of such organization, trade or business of any employer" etc.[1] The section applies retroactively to transfers made prior to the effective date of the act.[2] The Appeals Board of the department denied the petition for reassessment on March 25, 1949. In its decision the board found that the value of the wholesale business was $588,272.45 and the value of the retail business $233,777.29. Thereafter, Weston F. Kreck, as successor to the partnership and the Ideal Hardware and Supply Company as successor to Kreck, petitioned the superior court for a writ of mandate to compel the department to transfer the partnership reserve account and merit rating to Kreck and thence to the corporation. An alternative writ issued and after hearing on briefs and the Appeals Board record the writ was discharged. Findings were made to the effect that Kreck was not entitled to the requested transfer under section 41.5 as it existed when he took over because he did not acquire "substantially all the assets" of the former employer, the partnership. It was further found that the section as amended did not apply to Kreck as he was not an employer when the amendment became effective in 1947

---

[1] As here applicable section 41.5, including the emphasized portions added in 1947, reads in part as follows:

"Whenever any employing unit acquires the organization, trade, or business, or substantially all of the assets thereof, *or a distinct and severable portion of such organization, trade, or business of any employer,* . . . and continues such organization, trade, or business, *or such distinct and severable portion thereof* without substantial reduction of personnel resulting from such acquisition, the separate account, actual contribution and benefit experience and pay rolls of the predecessor or that part thereof, as determined by authorized regulations, which pertains to the organization, trade, or business, or portion thereof acquired, shall be transferred to the successor employer for the purpose of determining its rate of contribution after such acquisition with the same effect for such purpose as if the operations of the predecessor had at all times been carried on by the successor. . . ."

[2] "The provisions of this section shall apply to acquisitions prior as well as subsequent to the effective date of this act; provided, that notice of such acquisitions shall have been given to the commission within one year of the date of such acquisition, or within ninety days after the effective date of this act, whichever is later; and provided further, that transfer of accounts with respect to acquisitions consummated prior to the effective date of this act, not previously authorized prior to said effective date, shall not affect any rate of contribution for any period prior to said effective date."

and did not apply to the corporation because it was not a direct successor to the partnership. No appeal was taken from the denial of the peremptory writ.

The corporation brought the present action for refund of payments made at the 2.7 per cent rate, contending it was entitled to the 1.5 per cent rate of the partnership under section 41.5 of the act. The trial court concluded that all issues raised in this action were decided adversely to plaintiff in the mandate proceeding, and that under the doctrine of res judicata the prior determination was conclusive. Findings and conclusions also were against plaintiff on the merits and in accordance with those in the mandate proceeding. Judgment was for defendants and plaintiff appeals. We are of the opinion that the court correctly applied the doctrine of res judicata and that the judgment must be affirmed on that ground.

With respect to the doctrine of res judicata plaintiff contends it was incorrectly applied and advances as one of the reasons the claim that the court was without jurisdiction to try the proceeding in mandate, and that the former determination and the findings made therein should be disregarded altogether. It is further urged that the present action for the refund of taxes paid under protest is upon a different cause of action from the one prosecuted in the former proceeding to compel the transfer of the reserve account. It is therefore argued that the former judgment cannot operate as a bar and that the doctrine of estoppel does not apply for the reason that facts are relied upon in the present action as to which there was no finding in the former action.

The first point requires consideration of certain provisions of two sections of the act. Sections 41.5 and 45.11d read in part as set out below.[3-4] Plaintiff urges a construction of section 45.11d that would apply the prohibition to petitions for transfer of reserve accounts, petitions for reassessment of contribu-

---

[3]"In event of a denial of application for transfer of reserve account, any interested party shall have the right to petition for hearing before the Appeals Board and the decision of the Appeals Board, after affording the parties reasonable opportunity for fair hearing, shall be final unless within sixty days after the mailing of the notice of determination of the Appeals Board any interested party may bring an action against the commission with respect to such determination to require the transfer of the reserve account as required by law."

[4]"[*Process to prevent or enjoin collection: Suit not to be maintained unless claim filed: Suit on claim: Failure to mail notice of claim.*] No injunction or writ of mandate or other legal or equitable process shall issue in any suit, action or proceeding, in any court against this State or

tion rate and petitions against benefit payment charges to any employer's account, and says: "The remedies contained in Section 45.11 apply to all problems of the employer, and therefore override and cover Section 41.5 as well as the other sections, but give the employer a right to a trial *de novo* on his cause by claim for refund." The conclusion plaintiff reaches is that section 41.5 is not effectual to give the employer the right to maintain a proceeding in mandate to compel the transfer of a reserve account and rating. But the statute does grant that right and mandate is a proper remedy. (Code Civ. Proc., § 1094.5; *Dare* v. *Board of Medical Examiners,* 21 Cal.2d 790 [136 P.2d 304].) Whether proceeding under the section would deprive the litigant of any privilege he might enjoy in an action for refund of taxes cannot limit the plain language and intent of the statute. We think it is clear that the court had jurisdiction to adjudicate the issues in the mandate proceeding.

It is asserted by plaintiff, and in the brief of defendants it is conceded, that the present action is upon a cause of action different from the one prosecuted in the former proceeding.

It is in this view of the case that the parties discuss the general rule of res judicata that an adjudication is conclusive and a bar to a subsequent action upon the same cause of action as to all matters that were litigated or that could have been litigated, whereas if the later action is upon a different cause of action the former adjudication is conclusive only as to matters actually or necessarily determined in the former action. Plaintiff points out that in the former proceeding the court made the following finding: "That Weston F. Kreck did not acquire the organization, trade or business or substantially all the assets of any other employer and was not entitled to the transfer of the reserve account of any other employer or to the transfer of any rate of contribution of any other employer; that Weston F. Kreck had no property in or right to the transfer of an experience rating under the Unemployment Insurance Act at the rate 1.5%" and plaintiff says that it has acquired "a distinct and severable portion of such organization, trade or business of any employer," namely, the partnership, the wholesale business being

against any officer thereof to prevent or enjoin under this act the collection of any contributions sought to be collected. No suit or proceedings shall be maintained in any court for the recovery of any amount of contributions, interest or penalties alleged to have been erroneously or illegally assessed or collected unless a claim for refund or credit has been filed pursuant to this section."

a distinct and severable portion of the trade or business of the partnership, and that its acquisition carried with it the right to a transfer of the reserve account and rating even though the portion so acquired was less than substantially all of the assets of the business of the partnership. Plaintiff also states, correctly, that there was no express finding as to these facts in the mandate proceeding. It then contends that it has the right to relitigate its claim upon the basis of a fact not determined against it in the former proceeding, namely, that it acquired a distinct and severable portion of the business of the partnership. In brief, plaintiff contends for the rule of estoppel which applies when the causes of action are different and insists that the former judgment was not a full adjudication of its rights. We need not consider the conclusion inasmuch as we cannot agree that the causes of action are not the same.

The term "cause of action" has different meanings in different connections. ■ It is commonly used in pleading as applying only to the relief sought, even though the separately pleaded claims have origin in the same right or obligation. ■ But this is not the meaning of "cause of action" as the term is used in stating the doctrine of res judicata. When used in this connection the term relates not to the remedy involved or the relief asked, but to the right or obligation which is sought to be enforced. If a different title, right or obligation is pleaded in the second action, the cause of action is different, even though the relief sought is the same. (*Ball* v. *Stephens,* 68 Cal.App.2d 843, 851 [158 P.2d 207].) But if the second is based upon the same right or obligation the cause of action is the same even though different or additional relief is sought. The leading case of *Frost* v. *Witter,* 132 Cal. 421 [64 P. 705, 84 Am.St.Rep. 53] contains an able discussion of the subject of identity of causes of action.

■ It is the title, right or obligation sought to be established or enforced, not the remedy or the relief sought, which determines the nature and substance of the cause of action. When this has once been adjudicated it cannot be relitigated upon any grounds that were or that could have been determined in the former action. (*Price* v. *Sixth District Agricultural Assn.,* 201 Cal. 502, 511, 512 [258 P. 387]; *Big Boy Drilling Corp.* v. *Rankin,* 213 Cal. 646, 649 [3 P.2d 13]; *Todhunter* v. *Smith,* 219 Cal. 690, 694 [28 P.2d 916]; *Andrews* v. *Reidy,* 7 Cal.2d 366, 370 [60 P.2d 832]; *Sutphin*

v. *Speik*, 15 Cal.2d 195, 201 [99 P.2d 652, 101 P.2d 497];
*Panos* v. *Great Western Packing Co.*, 21 Cal.2d 636, 638 [134
P.2d 242]; *Wulfjen* v. *Dolton*, 24 Cal.2d 891, 895 [151 P.2d
846]; *McManus* v. *Bendlage*, 82 Cal.App.2d 916, 923 [187
P.2d 854].)

Although the remedy presently invoked and the re-
lief sought are different, the facts which were determinative
of plaintiff's right were the same in each case. The right
to have the favorable rate transferred, which was an issue
in the first case, is the very one upon which plaintiff relies
in the present action for the refund of taxes. That issue
has been fully tried and determined. The findings and judg-
ment in the former proceeding fully support the defense
of res judicata.

Plaintiff assigns error in the admission in evidence
of the findings and judgment in the former proceeding over
its objection and contends they were inadmissible apart from
the pleadings in that proceeding. The point made is that
in order to have full effect the findings and judgment must
be within the issues. We do not find that this ground of
objection was urged by plaintiff. When the objection was
overruled plaintiff reserved the right, which was granted,
to introduce further evidence on the subject. The pleadings
were not brought to the attention of the court and although
a motion was made to strike the findings, conclusions and
judgment, it was not upon the ground that they were not
responsive to the issues.

Certain evidence was offered by plaintiff and excluded
upon objection. It related only to the assets that were ac-
quired by Weston F. Kreck and hence to the merits of the
action. If there was error in the ruling it could not
be deemed prejudicial in view of our conclusion that the
present action was barred by the former adjudication.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.