[Civ. No. 21226.   Second Dist., Div. Three.   Oct. 13, 1955.]

GRACE C. HOWARD et al., Appellants, v. GENERAL PETROLEUM CORPORATION (a Corporation) et al., Respondents.

John N. Metcalf and Elon G. Galusha for Appellants.

D. W. Woods and Martin J. Weil for Respondents.

John W. Brooks, as Amicus Curiae on behalf of Respondents.

NOURSE (Paul), J. pro tem.*—This is an appeal from an order denying a motion to vacate the final judgment in this matter.

Plaintiffs are the nominal appellants but the record brought before this court establishes that Guy N. Stafford in 1953 acquired all of the right, title and interest of plaintiffs in the oil and gas lease, and the real property which are the subject matter of this action and all claims and causes of action, including specifically those set forth in the complaint herein, which the plaintiffs might have against the defendants herein. Stafford will therefore be deemed the appellant.

The judgment which the appellant seeks to vacate and nullify is one against the plaintiffs on the merits. It became final in April 1952. The motion to vacate it was filed in February, 1955.

This case is before this court for the third time. The nature of the action and all relevant facts are set forth in opinions of this court rendered on the two former appeals and it is unnecessary to restate them here. (See *Howard* v. *General Petroleum Corp.*, 108 Cal.App.2d 25 [238 P.2d 145]; *Id.*, 114 Cal.App.2d 91 [249 P.2d 585].)

It suffices to state here that plaintiffs sought by their complaint to recover certain oil royalties under a community lease made by them to one Fisher. Defendant General Petroleum had by mesne assignments before the commencement of this action acquired all interest of Fisher in the lease and had purchased from plaintiffs and others the real property covered by the lease and all plaintiffs' right as lessors under the lease. It conveyed the real property to one Cooney who entered into an oil and gas lease with the defendants Herley and Kelley.

The sole ground upon which appellant seeks to vacate the judgment is that Cooney and Fisher were indispensable parties defendant, and that they not having been joined as such, the judgment is void.

---

*Assigned by Chairman of Judicial Council.

Appellant does not assert and could not assert that plaintiffs did not know of the interest, if any, of both Fisher and Cooney in the matter to be adjudicated in the action, nor does he allege in the affidavit made here in support of his motion that any act of the defendants or of Cooney or Fisher induced plaintiffs not to join the latter as defendants.

Appellant has not furnished us with any authority for the proposition that the lack of an indispensable party deprives a court of jurisdiction, in the fundamental sense, and we have found none. But it is not necessary to determine that question here, for neither Cooney nor Fisher was an indispensable party.

■ That Cooney was not an indispensable party to this litigation and that the judgment here is not void because he was not made a party has been determined by Division Two of this court in the case of *Stafford* v. *Yerge,* 129 Cal.App. 2d 165 at page 170 [276 P.2d 649], and we adopt the language of Mr. Justice Fox in that case as ours.

Fisher was not only not an indispensable party, he was not even a proper party.

The cause of action here is founded on the alleged fraudulent acts of the defendant General Petroleum Company all of which took place long after Fisher had assigned all of his interest in said lease and long after General Petroleum had assumed all the obligation of the lessee thereunder. Fisher could not have been affected by a judgment for plaintiffs and certainly is not adversely affected by the judgment rendered.

There was no merit in appellants' motion in the trial court, there is no merit in this appeal.

Defendants will recover their costs against appellant Guy Stafford.

The order is affirmed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied November 10, 1955.