[Civ. No. 21473.   Second Dist., Div. Two.   Mar. 16, 1956.]

GUY N. STAFFORD, Appellant, v. RACHEL F. YERGE et al., Respondents.

Guy N. Stafford, in pro. per., for Appellant.

Louis A. Audet, Martin J. Weil, Sims Hamilton, Burke, Williams & Sorensen, and John W. Brooks for Respondents.

FOX, J.—This is another chapter in the legal maneuvers by which the plaintiff and his assignors, the Howards, have sought to recover certain oil royalties from December 1, 1932, under a community lease to one Walter H. Fisher in 1925. (See *Howard* v. *General Petroleum Corp.*, 114 Cal.App.2d 91

[249 P.2d 585] ; *id.*, 136 Cal.App.2d 168 [288 P.2d 308] ; and *Stafford* v. *Yerge,* 129 Cal.App.2d 165 [276 P.2d 649].) Fisher assigned the lease to the Walter H. Fisher Corporation, which in turn assigned it to defendant General Petroleum Corporation in July, 1926. Prior to the commencement of the Howard suit, General Petroleum had purchased from the Howards and others the real property covered by the lease and also for a valuable consideration had received a release from the plaintiffs of all of its (General Petroleum's) obligations under the lease. In due course, General Petroleum conveyed the lots and well in question to R. P. Cooney, who later entered into an oil and gas lease with Jack Herley and Paul L. Kelley, who reconditioned the well and proceeded to operate it. (See *Howard* v. *General Petroleum,* 114 Cal.App.2d 91, 92 [249 P.2d 585].) Upon a trial of the Howard case, General Petroleum was exonerated of the charges of fraud and judgment was rendered to the effect that plaintiffs were not entitled to any royalties. This was affirmed on appeal (114 Cal.App.2d 91 [249 P.2d 585]), the court holding (p. 94) that "The grant deed and release terminated plaintiffs' right to royalties" and further observing that "The right of a lessor under a community lease lasts only during continuance of the lease" (p. 94). Finally, the court pointed out (p. 95) that "Plaintiffs' interest in the lease having been terminated by the execution of the deed and release, there is no basis on any theory for a judgment against the other defendants," i.e., defendants other than General Petroleum.

Thereafter, plaintiff as assignee of the Howards filed the instant action to recover the same royalties, alleging the same ultimate facts that the Howards had alleged, but in somewhat greater detail. Defendants General Petroleum, Cooney, and Herley and Kelley filed a notice of motion to dismiss, supported by an affidavit to which was attached the judgment roll in the Howard case. The motion was granted on the theory that the issues were res judicata. The judgment of dismissal was affirmed by this court in *Stafford* v. *Yerge,* 129 Cal.App.2d 165 [276 P.2d 649].

Plaintiff then made a motion to vacate the judgment in the Howard case on the theory that Cooney and Fisher were indispensable parties-defendant and since they had not been joined as such, the judgment was void. This motion was denied and Stafford appealed. The order was affirmed

(*Howard* v. *General Petroleum Corp.*, 136 Cal.App.2d 168 [288 P.2d 308]), the court holding (p. 186) that "neither Cooney* nor Fisher was an indispensable party."

█ In July, 1955, Fisher appeared in the instant case and made a motion to dismiss on the ground that the issues were res judicata by reason of the Howard judgment. The motion was granted. Plaintiff appeals from the judgment of dismissal. At the same time, plaintiff made a motion to vacate the prior judgment herein in favor of General Petroleum et al. which this court affirmed in 129 Cal.App.2d 165 [276 P.2d 649]. His motion was denied. He appeals from this order, also.

Plaintiff's theory is that because defendant Fisher had not appeared in this action at the time the court rendered its judgment in favor of General Petroleum, Cooney and the Herley-Kelley group, that judgment was not final and was, therefore, not appealable, and this court had no jurisdiction to affirm it. His contention is based on the general rule that there can be but one final judgment in an action. He argues that the prior judgment dismissing the action as to certain defendants was only a partial judgment and neither final nor appealable on the theory that Fisher was an indispensable party-defendant to a complete determination of the controversy.

In making this argument, plaintiff starts with an unsound premise, viz., that Fisher was an indispensable party-defendant. He was no more an indispensable party in this case than he and Cooney were indispensable parties in the Howard case. (136 Cal.App.2d 168 [288 P.2d 308].) Plaintiff also overlooks section 579, Code of Civil Procedure, which provides that "In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper." In *Rocca* v. *Steinmetz,* 189 Cal. 426 [208 P. 964], the court held that under section 579, Code of Civil Procedure, it is proper in an action against several defendants in which a joint or several judgment could be rendered, to appeal from a judgment in favor of one of the defendants while the action remains pending and undeter-

---

*This court also held on the prior appeal herein that Cooney was not an indispensable party in the Howard case. (129 Cal.App.2d 165, 170 [276 P.2d 649].)

854

mined on the merits as to the other defendant. Other cases to the same effect are *Weisz* v. *McKee,* 31 Cal.App.2d 144 [87 P.2d 379]; *Howe* v. *Key System Transit Co.,* 198 Cal. 525 [246 P. 39], and *Taylor* v. *Western States Land etc. Co.,* 77 Cal.App.2d 869 [176 P.2d 975]. In *Huntoon* v. *Southern T. & C. Bank,* 107 Cal.App. 121 [290 P. 86], the court stated that "The rule as to single judgments has no application to actions in which separate and independent relief is sought against several defendants." Plaintiff sought separate and independent relief against the several defendants in this action. A several judgment as to each defendant was therefore proper, under section 579, Code of Civil Procedure, and the cases cited *supra.* Hence the earlier judgment rendered in this case in favor of General Petroleum, Cooney, and the Herley-Kelley group was final as to such defendants and was therefore appealable. As a consequence, the decision of this court on the prior appeal (129 Cal.App.2d 165 [276 P.2d 649]) is final and effectively disposed of plaintiff's argument that the issues raised in this case had not been litigated in the Howard case and that the doctrine of res judicata was inapplicable.

█ Additional consideration must be given to the judgment in favor of Wayne H. Fisher as trustee of the Walter H. Fisher Corporation, dissolved. By reason of the assignment of the lease to General Petroleum by the Fisher Corporation, a privity of interest between them was established. The effect of the assignment was to make the Fisher Corporation a surety to the lessors for General Petroleum. (*Samuels* v. *Ottinger,* 169 Cal. 209 [146 P. 638, Ann.Cas. 1916E 830]; Landlord & Tenant, 15 Cal.Jur. pp. 755-756, § 170.) It was established in the Howard case that the plaintiffs therein were not entitled to any recovery against General Petroleum. (Plaintiff herein stands in their shoes, since he is their assignee.) It follows that the Fisher Corporation is under no liability to those parties for where there can be no recovery against the principal, there can be none against the surety. (*Sharon* v. *Sharon,* 84 Cal. 433 [23 P. 1102]; *Parnell* v. *Hancock,* 48 Cal. 452; Suretyship, 23 Cal.Jur., p. 1061, § 51.) The Fisher Corporation was therefore entitled to rely on the exoneration of General Petroleum in the Howard judgment and to successfully plead it as res judicata in this case. (*Bernhard* v. *Bank of America,* 19 Cal.2d 807, 813 [122 P.2d 892]; *McManus* v. *Bendlage,* 82 Cal.App.2d 916, 922 [187 P.2d 854].)

In view of the foregoing, it becomes unnecessary to discuss other points attempted to be made by plaintiff.

The judgment and order are affirmed.

Moore, P. J., concurred.

Mr. Justice Ashburn, deeming himself disqualified, did not participate herein.

A petition for a rehearing was denied April 6, 1956, and appellant's petition for a hearing by the Supreme Court was denied May 9, 1956.