Filed 10/28/13  Levy v. Wells Fargo Asset Securities CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| MICHAEL LEVY,<br><br>　　　Plaintiff and Appellant,<br><br>　　　v.<br><br>WELLS FARGO ASSET SECURITIES CORPORATION et al.,<br><br>　　　Defendants and Respondents. | D061617<br><br><br>(Super. Ct. No.<br>37-2010-00060492-CU-BC-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Jacqueline M. Stern, Judge.  Reversed with directions.

Veljovich Law Group and David Andrew Veljovich for Plaintiff and Appellant.

Sheppard, Mullin, Richter & Hampton, Erik S. Bliss, Karin Dougan Vogel, and John C. Dineen for Defendants and Respondents.

## I.

## INTRODUCTION

Plaintiff Michael Levy appeals from a judgment of dismissal entered after the trial court sustained defendant Wells Fargo Asset Securities Corporation's demurrer to Levy's first amended complaint without leave to amend. Defendant U.S. Bank National Association, as trustee for Wells Fargo Asset Securities Corporation, joined in the demurrer and is identified in the judgment of dismissal as a prevailing defendant.[1] Levy's action concerns certain improvements and conditions on residential property adjacent to his residence that were determined in a prior action against the previous owners to violate governing covenants, conditions and restrictions (CC&Rs) and to constitute a nuisance. Wells Fargo owned the adjacent property at the time Levy filed this action.

The first amended complaint includes a first cause of action under Civil Code section 1354 for enforcement of governing documents, including CC&Rs; a second cause of action for declaratory relief; and a third cause of action for nuisance. Levy alleges that he is entitled to both injunctive relief and damages under the first and third causes of action. On appeal, Levy contends that the trial court erred in ruling that his previous successful action against the prior owners of the subject property (the prior action) bars all of his claims against Wells Fargo under the doctrine of res judicata. As we explain below, we conclude that the doctrine of res judicata does not bar Levy's claim for

---

[1] We will refer to both defendants collectively as Wells Fargo.

injunctive relief, which he is entitled to pursue against the current owner of the subject property. We further conclude that the doctrine of res judicata does not bar Levy's causes of action for enforcement of governing documents and nuisance against Wells Fargo, to the extent that those causes of action seek damages that accrued during the period that Wells Fargo owned the subject property.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

A. *The Prior Action*

In the prior action, Levy sued the owners of real property that is adjacent to his property for "Enforcement of Governing Documents—Civil Code § 1354," declaratory relief and nuisance.[3] Levy alleged that the owners had violated the CC&Rs and other governing documents by "failing to obtain approval for improvements, installing

---

[2]    Because this case is on appeal from the sustaining of a demurrer, our statement of facts is based on the allegations of Levy's first amended complaint filed in this action and matters of which the trial court took judicial notice. (*Crowley* v. *Katleman* (1994) 8 Cal.4th 666, 672; *Saks v. Damon Raike & Co.* (1992) 7 Cal.App.4th 419, 422.) In ruling on Wells Fargo's demurrer, the trial court took judicial notice of the following documents filed in the prior action: (1) Levy's first amended complaint; (2) Levy's "Legal Memorandum in Support of Judgment;" and (3) the judgment.

[3]    The adjacent property owners who were named as defendants in Levy's first amended complaint in the prior action were Mark Shneour and Lori Fincer, as trustees of the Schneour Mark & Lori Fincer Trust, and Shneour in his individual capacity as the alleged "beneficial owner" of the property. We will refer to these defendants in the prior action as the "previous owners." Levy's first amended complaint in the prior action also named the Bressi Ranch Community Association (HOA) as a defendant and included a cause of action for declaratory relief against the HOA. However, the judgment in the prior action does not address that cause of action.

3

improvements in violation of the governing documents; failing to obtain City building permits for improvements; [violating] City building codes and setback requirements; [and] maintaining a nuisance upon the property." He sought injunctive relief, damages, attorney fees and costs for the alleged violations of the governing documents, and a judicial declaration determining the rights and obligations of the parties. In his nuisance cause of action, Levy alleged that the previous owners "failed to maintain, care and otherwise used the property, in violation of the [HOA's] governing documents, in violation of City ordinances, codes and requirements and otherwise kept the property in a state of disrepair." Levy sought damages caused by the alleged nuisance and an injunction to abate the nuisance.

In December 2009, before the court entered judgment in the prior action, Wells Fargo acquired title to the property through a trustee sale, presumably because the previous owners defaulted on their mortgage loan. After the previous owners twice failed to appear for trial, the trial court struck their answer and entered their default. Based on the evidence and legal memorandum that Levy presented in support of a default judgment, the court entered judgment awarding Levy declaratory relief; damages for nuisance in the amount of $25,000; attorney fees in the amount of $22,150; and costs in the amount of $1,682.83. The judgment did not address Levy's request for injunctive relief.

The judgment included the court's findings that the previous owners had violated the governing documents by failing to comply with the HOA architectural committee's conditional approval requirements, including failing to revise and resubmit plans for

4

approval; failing to timely complete approved exterior improvements; failing to obtain the HOA's approval before commencing exterior improvements; installing a deck in violation of the CC&Rs and architectural guidelines; planting trees within three feet of the property line; installing an unapproved above-ground spa within five feet of the property line; installing walls in the front yard that exceed the maximum permitted height; installing planters containing soil placed against adjacent wood fences; and painting the driveway.

During oral argument on Wells Fargo's demurrer in the present case, the trial court asked Levy's counsel why the judgment in the prior action did not include injunctive relief. Levy's counsel explained: "By the time we got to the default prove-up process, [Wells Fargo] owned the property. We actually sought leave to add [Wells Fargo] to that lawsuit, and at that point the court denied it and said, 'If you're going to file a lawsuit against the bank, you can go file a new lawsuit against the bank and deal with that.' "

B.      *The Present Action*

Levy filed the present action against Wells Fargo in October 2010. His operative first amended complaint in this action includes the same three causes of action that he brought against the previous owners ("Enforcement of Governing Documents—Civil Code § 1354," declaratory relief, and nuisance). The allegations against Wells Fargo in

5

each of these causes of action are substantially the same as those stated in the corresponding causes of action against the previous owners in the prior action.[4]

Wells Fargo demurred to Levy's amended complaint on the ground that his claims were barred by res judicata. The trial court sustained the demurrer on that ground without leave to amend and entered a judgment of dismissal.

III.

DISCUSSION

A.    *Standard of Review*

"A demurrer tests the legal sufficiency of the complaint, and the granting of leave to amend involves the trial court's discretion. Therefore, an appellate court employs two separate standards of review on appeal. [Citations.] First, the complaint is reviewed de novo to determine whether it contains sufficient facts to state a cause of action." (*Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497.) Second, when the demurrer is sustained without leave to amend, we determine whether the trial court abused its discretion in denying leave to amend. (*Ibid.*)

---

[4]    Levy's first cause of action for enforcement of the governing documents in the prior action included allegations concerning the HOA's failure to enforce the CC&Rs. These allegations are not included in the first amended complaint in the present action. In addition, certain allegations were added to the first cause of action in the present case, including that Wells Fargo has "failed and refused to correct the violation of governing documents and the violation remains in existence, despite request for corrections by [Levy]" and that "[Levy] gave requisite notice to defendants as required by law [and] received no response from defendants."

6

B.    *Judicial Notice of Deed*

Wells Fargo filed an unopposed request that we take judicial notice of a recorded deed by which ownership of the subject property was transferred from Wells Fargo to a third party on February 23, 2012, while this appeal was pending.  " 'Judicial notice is the recognition and acceptance by the court, for use by the trier of fact or by the court, of the existence of a matter of law or fact that is relevant to an issue in the action without requiring formal proof of the matter.'  [Citation.]" (*Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort* (2001) 91 Cal.App.4th 875, 882.)  "[A] reviewing court may take judicial notice of any matter specified in [Evidence Code] Section 452." (Evid. Code, § 459, subd. (a).)  Evidence Code section 452, subdivision (c), authorizes courts to take judicial notice of "[o]fficial acts of the legislative, executive, and judicial departments of the United States and any state of the United States."  Evidence Code section 452, subdivision (g) authorizes courts to take judicial notice of "[f]acts and propositions that are of such common knowledge within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute."  A court may take judicial notice of a grant deed under both of these subdivisions.  (*Ragland v. U.S. Bank National Assn.* (2012) 209 Cal.App.4th 182, 194; *Lockhart v. MVM, Inc.* (2009) 175 Cal.App.4th 1452, 1460).  Accordingly, we take judicial notice of the recorded deed showing that Wells Fargo no longer owns the subject property.

C.    *Applicability of Res Judicata to Levy's Claims*

7

Under the doctrine of res judicata, a valid final judgment on the merits in a defendant's favor bars further litigation on the same cause of action. (*Takahashi* v. *Board of Education* (1988) 202 Cal.App.3d 1464, 1473 (*Takahashi*).) Collateral estoppel, a secondary aspect of res judicata, bars a party from litigating matters that were litigated and determined in a prior proceeding. (*Id.* at pp. 1473-1474.) The bar against further litigation on the same cause of action is referred to as "claim preclusion" and the collateral estoppel aspect of res judicata is referred to as "issue preclusion." (*Mata* v. *City of Los Angeles* (1993) 20 Cal.App.4th 141, 149, fn. 7.)

" 'The prerequisite elements for applying the doctrine to either an entire cause of action or one or more issues are the same: (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.' [Citation.]" (*People v. Barragan* (2004) 32 Cal.4th 236, 253.) However, "[e]ven if these threshold requirements are established, res judicata will not be applied 'if injustice would result or if the public interest requires that relitigation not be foreclosed.' [Citation.]" (*Citizens for Open Access Etc. v. Seadrift Assn.* (1998) 60 Cal.App.4th 1053, 1065.)

1.      *Claim for Injunctive Relief*

Although Levy obtained a default judgment in the prior action, the trial court declined to rule on his request for injunctive relief—the only relief that can truly remedy the alleged nuisance and violations of governing documents that gave rise to this litigation. As noted, when Levy learned that Wells Fargo had acquired title to the

8

property at issue, he requested permission to add Wells Fargo as a defendant, presumably so that he could obtain the injunctive relief that he had requested in his complaint. According to Levy's counsel, the court denied Levy's request to name Wells Fargo as a defendant, and instead advised him to file a new action against Wells Fargo. The trial court in the prior action did not *deny* Levy's request for injunction relief. Rather, the court simply did not address it. We assume that the judgment in the prior action does not address Levy's claim for injunctive relief against the previous owners because the court correctly viewed that claim as having been rendered moot, as to the previous owners, by Wells Fargo's acquisition of the subject property.[5]

Although Levy's claim for injunctive relief has become moot as to Wells Fargo as well because Wells Fargo no longer owns the subject property, it is not barred under the doctrine of res judicata. A judgment "is not res judicata . . . as to any matters which the court expressly refused to determine and which it directed should be litigated in another forum or in another action." (*Cason v. Glass Bottle Blowers Assn.* (1951) 37 Cal.2d 134, 141; *Stark v. Coker* (1942) 20 Cal.2d 839, 843 ["[W]hen it affirmatively appears that an

---

[5] An injunction is not an in rem remedy that runs with the land. (*People ex rel. Gwinn v. Kothari* (2000) 83 Cal.App.4th 759, 765.) "[A]n injunction—a writ or order requiring a person to refrain from a particular act or to do a particular act [citation]—is an in personam remedy. [Citation.] 'An injunction is obviously a personal decree. It operates on the person of the defendant by commanding him to do or desist from certain action.' [Citation.] [¶] It is well established that injunctions are not effective against the world at large." (*Ibid.*) Accordingly, Levy's claim for injunctive relief became moot as to the previous owners when Wells Fargo acquired the subject property, although judicial economy arguably would have been better served by granting Levy leave to name Wells Fargo as a defendant in the prior action rather than directing him to file a new action against Wells Fargo.

issue was not determined by the judgment, [the judgment] obviously is not res judicata upon that issue"].)  " 'Where a party was precluded by the court from litigating a claim in the first action on the ground that it should be litigated in a separate action, the rules of res judicata do not preclude him from litigating it in a separate action; on the contrary *his right to litigate it in a separate action is res judicata*.'  [Citation.]"  (*Estate of Doyle* (1962) 202 Cal.App.2d 434, 439, italics added.)

Accordingly, the fact that Levy was not permitted to pursue his claim for injunctive relief against Wells Fargo in the prior action by adding Wells Fargo as a defendant in that action precludes the application of res judicata to that claim, because the claim was not "litigated and determined in a prior proceeding." (*Takahashi, supra,* 202 Cal.App.3d at pp. 1473-1474.)[6]  Because Levy can obtain the injunctive relief that he

---

6    Wells Fargo cites *Stafford v. Yerge* (1954) 129 Cal.App.2d 165, 170 (*Stafford*) and *Riddle v. Fiano* (1961) 194 Cal.App.2d 684, 695 (*Riddle*) for the proposition that a judgment is conclusive not only as to relief granted but as to relief denied or withheld. However, both of those cases involved a prior adjudication that the plaintiff was not entitled to particular relief that the plaintiff sought, not a prior judgment in which the court did not adjudicate a claim for relief one way or another.

In *Riddle,* the plaintiff sued for imposition of a constructive trust on $15,000 in cash that he allegedly gave a defendant for safekeeping the night before the federal officers arrested the defendant on narcotics charges and confiscated $17,000 in cash from the defendant's apartment.  The federal officers gave the cash to the Director of Internal Revenue who applied it to a tax deficiency that the defendant owed.  (*Riddle, supra,* 194 Cal.App.2d at pp. 685-686.)  The Court of Appeal concluded that the doctrine of res judicata barred the plaintiff's action because a federal court in a prior action that plaintiff brought against the federal government had determined that the confiscated cash was not the same cash that the plaintiff gave to the defendant for safekeeping.  (*Id.* at pp. 694-695.)  The *Riddle* court decided that the same factual issue was presented in both cases and observed that "[a] final judgment is conclusive as to the relief granted and also as to the relief denied."  (*Id.* at p. 695.)  Read in context, the court's observation simply articulates the principle that the adjudication of an issue in a prior action bars relitigation

10

seeks only from the current owner of the subject property, he would be unfairly denied that relief if he is not allowed to pursue his claims against the current owner. Barring Levy's claim for injunctive relief under the doctrine of res judicata would be particularly unfair in light of the fact that he prevailed on his causes of action for declaratory relief and nuisance in the prior action, which is a strong indication that he would also have prevailed on his request for injunctive relief if the previous owners had not lost the property to foreclosure or if the current owner had been a party. We will therefore direct the trial court in the present case to grant Levy leave to file an amended complaint naming the current owner or owners as a defendant or defendants if he still wishes to pursue his claim for injunctive relief.

With respect to the current owners of the subject property, if Levy pursues his claims against them, the question regarding the application of res judicata would *not* be

of the same issue in a later action, regardless of whether the adjudication results in granting or denying the relief sought in the prior action.

In *Stafford,* the Court of Appeal decided that the doctrine of res judicata barred the plaintiff's action to collect royalties from an oil well because the action presented issues that were identical to issues presented in an earlier action to collect royalties from the same well, and plaintiff was in privity with the plaintiffs in the prior action. (*Stafford, supra,* 129 Cal.App.2d at p. 170.) The plaintiff argued that the prior judgment did not determine the rights and obligations of the parties to the prior action and therefore the doctrine of res judicata did not apply because the prior judgment "determined only 'that the plaintiffs take nothing and that the defendants have costs.' " (*Id.* at p. 170.) The *Stafford* court rejected that argument, stating: "A judgment is not only conclusive as to relief granted, but as to relief denied. [Citation.] Otherwise a defendant who had won a judgment 'that plaintiff take nothing' after a trial on the merits would not have any protection against another suit on the same claim. . . . [¶] The finality of a judgment on the merits is the same whether the plaintiff wins or loses." (*Ibid.*)

*Riddle* and *Stafford* are inapposite because in the present case, the court in the prior action did not deny Levy's request for injunctive relief; rather, it declined to address it and directed Levy to pursue it in a new action against Wells Fargo.

11

whether Levy is precluded from relitigating his claims based on the alleged violations of the governing documents and nuisance, but rather whether Levy may use collateral estoppel *offensively* to preclude the current owners from defending those claims.[7] In determining whether to allow offensive collateral estoppel, courts consider whether the defendant had a full and fair opportunity to litigate the issue. (*Roos v. Red* (2005) 130 Cal.App.4th 870, 880.) The current owners obviously have had no opportunity to defend Levy's claims against their predecessors in interest (the previous owners), and the previous owners had no incentive to vigorously litigate because they lost the subject property in foreclosure and declined to appear for trial, resulting in a default judgment against them. Consequently, the current owners of the property will be entitled to defend against all of Levy's claims, if Levy pursues those claims against the current owners.

2. *Claims against Wells Fargo*

As noted, Levy's claim for injunctive relief is moot as to Wells Fargo because Wells Fargo no longer owns the subject property. Levy's cause of action for declaratory relief is similarly moot as to Wells Fargo because declaratory relief operates prospectively to declare future rights rather than to address past wrongs. (*County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 607-608.) However, Levy's

---

7    Although the issue of the res judicata effect of the judgment in the prior action as to new defendants that Levy may or may not name is not before us, we briefly address it for the guidance of the trial court in view of the unusual circumstances of this case. (See *People v. Ceja* (2010) 49 Cal.4th 1, 10; *McCarthy v. Poulsen* (1985) 173 Cal.App.3d 1212, 1219, fn. 3.)

cause of action for nuisance is neither moot as to Wells Fargo nor entirely barred by res judicata because Levy effectively alleges a continuing nuisance.[8]

"[I]f a nuisance is a use which may be discontinued at any time, it is considered continuing in character and persons harmed by it may bring successive actions for damages until the nuisance is abated. [Citation.] Recovery is limited, however, to actual injury suffered prior to commencement of each action. Prospective damages are unavailable." (*Baker v. Burbank-Glendale-Pasadena Airport Authority* (1985) 39 Cal.3d 862, 869.) "Even solid structures have been considered nuisances where it appeared that the structures could have been removed." (*Id.* at p. 870, fn. 11.) Courts "should be particularly cautious not to enlarge the category of permanent nuisances beyond those structures or conditions that truly are permanent. Where some means of abatement exists, there is little or no incentive to make remedial efforts once the nuisance is classified as permanent. Such a result is at odds with tort law's philosophy of encouraging innovation and repair to decrease future harm." (*Id.* at p. 872.)

Because a plaintiff harmed by a continuing nuisance may bring successive actions for damages until the nuisance is abated, the doctrine of res judicata does not apply to an ongoing dispute over a continuing nuisance. As one federal court observed, " '*[R]es judicata* does not bar claims for continuing conduct complained of in [a] second lawsuit

---

8     In his third cause of action for nuisance, Levy alleges that "[u]nless the nuisance created by defendants is abated, plaintiff's property will continue to diminish in value." He further alleges that "[d]efendants' continuing nuisance . . . will require plaintiff to bring a multiplicity of actions to protect plaintiff's property interests, thereby rendering plaintiff's remedy at law inadequate."

13

that occur[s] after judgment has been entered in the first lawsuit.' [Citation.] If this were not the case, defendants who repeatedly cause injury through continuing nuisances would effectively have immunity from liability for future violations if a plaintiff did not successfully obtain injunctive relief in the initial suit." (*Rasmussen v. City of Lake Forest* (N.D. Ill. 2012) 848 F.Supp.2d 864, 868-869.)

Levy is entitled to seek from Wells Fargo any damages that he can prove accrued as a result of a continuing nuisance during the time that Wells Fargo owned the subject property. The same analysis applies to Levy's first cause of action for enforcement of the governing documents. Like the nuisance cause of action, the first cause of action includes allegations of a continuing violation that will cause continuing harm if not abated by an injunction.[9] Levy seeks incidental damages, attorney fees, and costs that he allegedly incurred as a result of defendants' violation of the governing documents. He is entitled to seek such compensation to the extent that he incurred damages, fees, and costs during the time that Wells Fargo owned the subject property. However, like the current owners, Wells Fargo has not had the opportunity to defend against Levy's claims on their merits. If Levy names Wells Fargo as a defendant in his amended complaint, Wells Fargo is entitled to fully defend against the first and third causes of action—i.e., Wells

---

[9]    In his first cause of action for enforcement of the governing documents, Levy alleges that "[d]efendants have failed and refused to correct the violation of the governing documents and the violation remains in existence, despite requests for corrections by Plaintiff[,]" and that "[d]efendants' actions will continue to cause great and irreparable harm to Plaintiff [unless abated by an injunction]."

14

Fargo may litigate the issue of liability under those causes of action as well as the issue of damages during the time period it owned the subject property.

As noted, Levy's second cause of action for declaratory relief is moot as to Wells Fargo. When the basis for a judgment disappears during the pendency of an appeal, the proper disposition is to reverse the judgment with directions to the trial court to dismiss the action as moot. (*Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 134-135.) Applying that principle to Levy's cause of action for declaratory relief, we conclude that the proper disposition of that cause of action is to direct the trial court to dismiss it as moot as to Wells Fargo. (See *San Bernardino Valley Audubon Society v. Metropolitan Water Dist.* (1999) 71 Cal.App.4th 382, 404 [directing dismissal of one of two causes of action as moot].)

IV.

DISPOSITION

The judgment of dismissal is reversed. The trial court is directed to vacate its order sustaining Wells Fargo's demurrer to the first amended complaint without leave to amend. The court is directed to enter a new order overruling the demurrer as to the first cause of action for enforcement of governing documents and the third cause of action for nuisance, and granting Levy leave to amend the complaint for the sole purpose of adding the current owner or owners of the subject property as a defendant or defendants. The court is directed to dismiss the second cause of action for declaratory relief as moot as to Wells Fargo. The second cause of action remains viable as to any new defendants. If Levy does not amend to add any new defendants within the time period that the trial court

15

allows, the court is directed to dismiss the second cause of action. Levy's recovery against Wells Fargo under the first and third causes of action is limited to damages that he may have incurred during the time period that Wells Fargo owned the subject property. Levy's recovery of damages against any current owner of the subject property named as a defendant is similarly limited to damages incurred during the period of that defendant's ownership of the subject property. Levy is awarded his costs on appeal.

_____

AARON, J.

WE CONCUR:

_____

McCONNELL, P.J.

_____

O'ROURKE, J.