[Sac. No. 982.   Department One.—October 17, 1903.]

# H. E. WILLIAMSON, Appellant, v. ALFRED JOYCE et al., Respondents.

FORECLOSURE OF STREET ASSESSMENT—INSUFFICIENT COMPLAINT—EX-
PIRATION OF .LIEN— VOID RESOLUTION OF INTENTION—DEMURRER.—
A complaint for the foreclosure of the lien of a street assessment,
which shows upon its face that the lien had expired under the statute
by the lapse of more than two years from the date of recording the
warrant, assessment, diagram, and certificate, before the complaint
was filed, and which further shows that the resolution of intention
to improve certain streets therein set forth, by the construction of
certain lateral sewer manholes and trench sewers, from the lateral
sewers to the curb-lines, was void, for failure to state, directly or
by inference, the material of which either of the sewers or the
manholes should be constructed, or to mention the size of either,
or the number of branch sewers to be constructed,—is insufficient
to state a cause of action, and a general demurrer thereto was
properly sustained.

ID.—SUSTAINING DEMURRER WITHOUT LEAVE TO AMEND—NEGLECT OF
PLAINTIFF—OBJECTION UPON APPEAL.—Where a period of fourteen
days elapsed after notice of the order sustaining the demurrer to
the complaint before the entry of judgment, and the plaintiff wholly
neglected to apply to the court for leave to amend, and he does
not upon appeal suggest any amendment which he could make
to obviate the palpable defects of the complaint, his mere objection
that the court below did not grant him leave to amend cannot be
allowed upon appeal.

ID.—JUDGMENT UPON DEMURRER OF ONE DEFENDANT—TRIAL OF ISSUES
UPON CROSS-COMPLAINT OF CO-DEFENDANT.—A judgment entered in
favor of one defendant upon his demurrer to the complaint for
the foreclosure of the lien of a street assessment, for want of a
cause of action against him, was not premature, because before its
entry issues were joined by the plaintiff upon a cross-complaint
interposed by a co-defendant, setting up a judgment lien, claimed
to be superior to the alleged lien of the plaintiff, which issues re-
mained to be tried.  Such judgment upon demurrer could have no
greater effect than to prevent the plaintiff from proceeding upon
his complaint against the demurring party;  and could not affect
the other parties to the action, nor prevent the court from pro-
ceeding to determine the issues raised upon the cross-complaint of
the other defendant.

APPEAL from a judgment of the Superior Court of San
Joaquin County.   Joseph H. Budd, Judge.

The facts are stated in the opinion of the court.

Joshua B. Webster, for Appellant.

S. M. Spurrier, for Alfred Joyce, Respondent.

Charles De Legh, for David Winders, Respondent.

SHAW, J.—This is an action to foreclose· the lien of a. street assessment. Alfred Joyce, one of the defendants, demurred to the complaint upon the ground that it did not state a cause of action, and in particular that it appeared upon the face of the complaint that the lien had expired before the action was begun. The demurrer was sustained without leave to amend. Fourteen days thereafter, the plaintiff having made no application for leave to amend, and notice of the order overruling the demurrer having been in the mean time served upon him, the court entered judgment upon the demurrer that the plaintiff take nothing by reason of the action as against the defendant Joyce, and that Joyce recover his costs. From this judgment the plaintiff appeals.

There can be no question that the complaint was insufficient, and that the demurrer was properly sustained. Section 9 of the Street Improvement Act declares that the amounts assessed for improvements shall be a lien upon the lands assessed for the period of two years from the date of recording the warrant, assessment, diagram, and certificate. The complaint alleges that this occurred on March 17, 1898. The complaint was filed on April 13, 1900, more than two years thereafter. Furthermore, the resolution of intention as set forth in the complaint shows that the improvement in question consisted of lateral sewers, to be constructed on certain named streets in the city of Stockton, and branch sewers to be laid from the said lateral sewers to the curb-lines on each side, and manholes to be constructed at each of the terminations of the lateral sewers and at certain street intersections. It fails, however, to state, either directly, or by inference, the material of which either of the sewers or the manholes should be constructed; nor does it mention the size of either, or the number of branch sewers to be constructed to the curb-line. These defects would make the resolution of intention void

under the decisions in *Schwiesau* v. *Mahon,* 128 Cal. 114, and
*Fay* v. *Reed,* 128 Cal. 357.

The plaintiff contends that it was error for the court below
to sustain the demurrer of Joyce without giving plaintiff
leave to amend, citing *Gallagher* v. *Delaney,* 10 Cal. 410. A
period of fourteen days elapsed after the order was made sus-
taining the demurrer before the entry of judgment, during
which the plaintiff had notice of the order, but made no
application whatever for leave to amend. Nor does he upon
this appeal suggest any amendment which he could make
which would cure the palpable defects in the complaint.
The case of *Gallagher* v. *Delaney* has no application where
the plaintiff makes no offer to amend. The party cannot
object in this court that he is not permitted to amend by
the court below when he made no application there to be
allowed to do so. (*Smith* v. *Yreka W. Co.,* 14 Cal. 202.)
The case cited by the appellant was distinguished in the
latter case, and also in *Borland* v. *Thornton,* 12 Cal. 439,
in which cases it is clearly decided that the rule of *Gallagher*
v. *Delaney* has no application, unless it appears either that
the party has made an application to amend, or that he
could amend so as to obviate the objection upon which the
demurrer depends. Neither of these conditions is apparent
here.

David Winders, another defendant in the action, after the
order was made sustaining the demurrer of the defendant
Joyce to the plaintiff's complaint, and before judgment was
rendered on the demurrer, appeared in the action and filed
a so-called cross-complaint, setting up a judgment lien against
the property, and asking that the same be declared superior
to the alleged lien of the plaintiff. To this cross-complaint
the plaintiff, before the entry of judgment on the demurrer
of Joyce, filed an answer. The appellant claims that it was
error to give judgment in favor of Joyce on his demurrer to
the complaint until the issues arising from the cross-complaint
of Winders had been disposed of. There is nothing in this
contention. The complaint failed to state facts sufficient to
constitute a cause of action against Joyce, and the judgment
given upon the demurrer can have no greater effect than to
prevent the plaintiff from proceeding upon his complaint as

against Joyce. It does not affect the other parties to the action, nor does it prevent the court from proceeding upon the cross-complaint of Winders and determining all the issues tendered thereby.

The judgment is affirmed.

Angellotti, J., and Van Dyke, J:, concurred.