[Civ. No. 4099.   Third Appellate District.—May 26, 1930.]

J. E. ALLEN et al., Appellants, v. E. A. STELLAR et al., Respondents.

G. Roy Garnett and Samuel M. Benard for Appellants.

Errol O. Shour for Respondents.

PLUMMER, J.—This cause is before us upon the plaintiffs' appeal from the judgment of the trial court sustaining the defendants' demurrer, wherein the plaintiffs sought specific performance of the following contract:

"Van Nuys, Calif., 7/26/'24

"J. E. Allen:

"When I have procured deed to the West ½ of Lot 17—Tract 1000 from Richard W. Koehler et ux, I hereby agree to sign contract to you selling you an undivided ½ interest in the above ten acres, more or less, for the sum of $6250.00 on which you will receive a credit of $1250.00 leaving balance of $5000.00. Said property being acquired subject to encumbrances amounting to $7250.00, ½ of which the said Allen agrees to pay.

"E. A. STELLAR."

The record shows that the complaint contains the following allegations:

"That on or about the 25th day of July, 1924, the plaintiff, J. E. Allen, and the defendant, E. A. Stellar, made their contract in writing whereby it was mutually agreed that said defendant E. A. Stellar would sell to the plain-

tiff, J. E. Allen, and said plaintiff, J. E. Allen would buy from said defendant certain real estate situate in the City of Los Angeles, County of Los Angeles, State of California, described as follows, to-wit: An undivided ½ interest in and to the West ½ of Lot 17 Tract 1000, as per map thereof recorded in Book 19 page 1 of Maps in the office of the County Recorder of said Los Angeles County, for the sum of $6250.00. A copy of which contract is hereto attached, marked Exhibit 'A' and made a part thereof.''

''That said E. A. Stellar did procure a deed from said Koehler which was recorded on the 6th day of September, 1924, in Book 4219, page 139, Records of said Los Angeles County, but failed and refused to convey an undivided ½ interest in said property to said J. E. Allen, although often requested so to do.''

Other portions of the complaint contained allegations that the sum of $6,250 was a fair, just and reasonable value for said property, and that the plaintiffs have always been ready and willing to do and perform everything in said contract on their · part to be performed, and offered to deposit the sum of $5,000, or such sum as the court might adjudge to be remaining due on said contract.

To this complaint the defendants interposed a motion to strike out all those portions of the complaint appearing in paragraph II thereof, which we have quoted, which are not contained within the written agreement, and also interposed a demurrer: 1st. That said complaint does not state facts sufficient to constitute a cause of action, and 2d. That the complaint is uncertain in that it cannot be ascertained from the agreement, which was made a part of the complaint, where the property therein attempted to be described is located.

The court granted the motion to strike out and also sustained the defendants' demurrer. The demurrer was sustained without leave to amend. In due time thereafter judgment was rendered in favor of the. defendants.

■ An examination of the agreement and the complaint discloses a striking disparity between the pleading and the agreement. The complaint states that the agreement was in writing, containing certain particulars relative to the description of the property. An examination of the agreement reveals that it contains nothing of the kind. The

complaint does not set forth the agreement as it is written and then follow with a statement of what was intended, or what lands were understood to be described, but it sets forth that the writing contains specific matters which are not found therein. Under such circumstances, and in that state of the pleadings, the court necessarily had to grant the motion to strike out. ■ With the portion stricken out the court had before it a complaint seeking specific performance of an agreement wherein the defendant E. A. Stellar covenants to sign a contract, etc., giving a description of the property, as follows: "When I will have procured a deed to the West ½ of Lot 17, Tract 1000, from Richard W. Koehler, et ux.," etc. It is manifest that this writing does not locate the premises about which the contract to sell is later to be made. It is possible that Richard W. Koehler *et ux.* own no other tract or parcel of land known as the west ½ of lot 17, Tract 1000, but it does not so appear from the complaint. It is possible that there is another tract that is so designated. The contract bears the following words and figures: "Van Nuys, Calif., 7–26–24." In this particular plaintiffs call attention to the following found in 36 Cyc., page 593, to wit: "Ordinarily, the town, county and state need not be mentioned, since it is an inference that the property is in the town, county and state in which the instrument is dated, or where the parties were dealing. But this is not necessarily true in all cases. There may be cases in which failure to give the town, county or state will render the description uncertain." There is nothing in the contract, other than just what we have stated, from which it may be concluded that the contract was actually entered into at Van Nuys.

In the cases of *Joyce* v. *Tomasini*, 168 Cal. 234 [142 Pac. 67], *McKevitt* v. *Sacramento City*, 55 Cal. App. 117 [203 Pac. 132], *Carr* v. *Howell*, 154 Cal. 372 [97 Pac. 885], and *Towe* v. *Carmelo etc. Co.*, 99 Cal. 397 [33 Pac. 1126], relied upon by the appellants, additional circumstances appear in all of them which show that the court did not in any instance rely simply upon the name of the place given and the date indicated on the paper wherein the agreement or contract was thereafter written.

■ Again, there is a variance between the agreement and the allegations of the complaint which necessitated a

sustaining of the demurrer, because it is not shown that the defendant E. A. Stellar had yet acquired the deed called for in the agreement. Thus, the agreement specifies when a deed has been acquired from Richard W. Koehler *et ux.*, and the allegation of the complaint is only that said E. A. Stellar did procure a deed from said Koehler. "*Et ux.*" relates to the wife of Kochler, and there is no showing in the complaint that any deed from her has ever been obtained, or that it was unnecessary to obtain a deed from her, or any facts excusing or rendering unnecessary the procuring of such a deed, before the defendant E. A. Stellar would be charged with the duty of signing a contract to sell the land mentioned in the agreement.

As the agreement and the pleadings appear in this case, we think the case of *Craig* v. *Zelian*, 137 Cal. 105 [69 Pac. 853], applies. It is there said: "An agreement for the sale of real property must not only be in writing and subscribed by the party to be charged, but the writing must also contain such a description of the property agreed to be sold, either in terms or by reference, that it can be ascertained without resort to parol evidence. Parol evidence may be resorted to for the purpose of identifying the description contained in the writing, with its location upon the ground, but not for the purpose of ascertaining and locating the land about which the parties negotiated, and supplying a description thereof which they have omitted from the writing."

There is nothing in the complaint identifying the description contained in the writing, with its location upon the ground. There is nothing in the complaint showing that the description refers to a particular tract of land, which can be identified from the description given. The description in the writing which we have set forth is less certain and more indefinite than the description contained in the case of *Eaton* v. *Wilkins*, 163 Cal. 742 [127 Pac. 71], wherein it was held that the description was insufficient.

The cases having to do with defective or uncertain agreements or writings relative to the description of the lands about which the parties are attempting to contract are so numerous that we need not cite them, but will content ourselves with referring to 23 California Jurisprudence, pages 435 to 437, sections 14 and 15. From one of these

sections we may quote the following as bearing upon the issues here involved, to wit: "Ordinarily, a description is not sufficiently certain to authorize a decree of specific performance, when it does not show the state or county in which the land is situated." The only authority we need to cite in support of the court's action in granting the motion to strike out is found in section 453 of the Code of Civil Procedure.

If we grant the contention of the appellants of a possibility of supplying the defects in the agreement, the action of the trial court must nevertheless be sustained. The record shows that the demurrer was argued on the fourth day of January, 1925; that on the fourteenth day of January, 1925, the court made its order sustaining the defendants' motion to strike out, and also sustaining the defendants' demurrer, and that on said day appellants were given notice thereof; that thereafter, and on the sixteenth day of January, 1925, judgment was entered in favor of the respondents. The record is silent as to the appellants having asked leave to amend; nor is there any showing in the record of any facts which the appellants might have set forth to obviate the objections urged by the respondents. It is true that in one of the briefs filed in this court we find the following: "In the case at bar plaintiffs filed a brief in which they asked the trial court to allow an amendment, if the said court was inclined to sustain the demurrer." It does not appear from the transcript that such permission was asked, and so far as the brief is concerned, we cannot assume that something was done which does not appear in the transcript, duly certified.

Having information of the ruling of the court and an opportunity to ask leave to file an amended complaint, and not having done so, it is too late now to complain of any abuse of discretion on the part of the court. The rule is well stated in 21 California Jurisprudence, page 119, section 77, as follows: "Upon sustaining a demurrer to a complaint, the trial court has discretion either to follow an amended complaint to be filed or to give judgment forthwith for the defendant, and its action either way will not be interfered with upon appeal unless it is made to appear by the record that there has been an abuse of discretion. A plaintiff may not amend as a matter of right,

and in order to be in a position to complain upon appeal of an abuse of discretion in sustaining a demurrer without leave to amend, he must ask permission to amend and indicate in some manner how the objection raised can be met. It is improper arbitrarily to refuse permission to amend a complaint after sustaining a special demurrer.'' This does not appear to have characterized the action of the trial court in the case at bar.

In *Hogan* v. *Horsfall*, 91 Cal. App. 37 [266 Pac. 1002, 1003], this question was presented to the District Court of Appeal of the First District, and the following language appears in the opinion: ''At the outset it may be stated that appellants by failing to ask leave to amend waived any abuse of discretion on the part of the court in denying such leave.'' (Citing *Buckley* v. *Howe*, 86 Cal. 596 [25 Pac. 132]; *Durrell* v. *Dooner*, 119 Cal. 411 [51 Pac. 628]; *Prince* v. *Lamb*, 128 Cal. 120 [60 Pac. 689]; *Williamson* v. *Joyce*, 140 Cal. 669 [74 Pac. 290].) ''We will therefore discuss the complaint as though it contained all matters which possibly could have been alleged by appellant.'' The opinion then goes on to discuss the deficiencies or the defects in the complaint.

In *Farber* v. *Greenberg*, 98 Cal. App. 675 [277 Pac. 534], this court, on passing upon the failure of a party to ask leave to amend, held as follows: ''Appellant also complains that the trial court abused its discretion in denying him the right to amend. The record does not show in what manner appellant desired to amend, what changes or additions he proposed to make to his complaint. There is nothing in the record to indicate that he specified in the trial court the nature of the proposed amendment or amendments. Under these circumstances we cannot say that the trial court abused its discretion in denying leave to amend.'' (Citing a number of authorities.)

We do not need to follow the argument of counsel further in this case, as it satisfactorily appears from what has been stated that the judgment of the trial court must be affirmed, and it is so ordered.

Thompson (R. L.), J., and Finch, P. J., concurred.