[Civ. No. 8430. First Appellate District, Division Two.—April 9, 1932.]

## J. A. DOWLING, Petitioner, v. THE SUPERIOR COURT OF MARIN COUNTY et al., Respondents.

Horace W. B. Smith and Theodore Tamba for Petitioner.

George H. Harlan for Respondents.

NOURSE, P. J.—This is an original proceeding for a writ of mandate requiring the respondent court to dismiss as against the petitioner herein an action pending before said court entitled *Rose Le Mar* v. *J. A. Dowling et al.*

The ground upon which the petition herein is based is that said cause was not brought to trial within five years after the filing of petitioner's answer therein and that the dismissal prayed for is therefore mandatory under the provisions of section 583 of the Code of Civil Procedure.

The action entitled *Rose Le Mar* v. *J. A. Dowling et al.* was commenced in the Superior Court in the County of Marin on October 16, 1926. The complaint prayed for damages for personal injuries alleged to have been sustained by reason of a fall into a concrete sump constructed by Dowling in the course of the performance of a contract between Dowling and the town of Sausalito covering improvements to a public street in that town. The town of Sausalito and the American Indemnity Company (the surety upon Dowling's contract) were joined as defendants in the action. The answer of Dowling was filed December 13, 1926, the answer of the American Indemnity Company was filed April 9, 1927. On July 11, 1927, the town of Sausalito filed its answer and a cross-complaint against Rose Le Mar alone in which it was alleged that the town, assuming that it had been in part liable for the injuries to the plaintiff, had compromised with her and had agreed to pay her $1,000, $700 of which had been paid. The cross-complaint then alleged that the town learned that the street work performed by Dowling had not been done according to the contract; that for this reason the town deemed itself not liable for any injuries suffered by the plaintiff; and because of these facts the town sought recovery from the plaintiff of the $700 paid to her under the agreement of compromise. Rose Le Mar filed her answer to this cross-complaint on January 29, 1932, after the petitioner herein had filed with the county clerk his motion to dismiss the action as to him for want of prosecution. In defense to that motion the plaintiff in the original action pleaded that she had agreed and stipulated with the town of Sausalito that the rights and liabilities arising between Dowling and said town could not be determined in that action until such rights had been adjudicated in another action brought by a taxpayer to determine the validity of the acceptance of the street work performed by Dowling under the contract with the town of Sausalito. Under this stipulation the plaintiff Le Mar was given until the final

settlement of the other case and until the final settlement of the dispute between the town of Sausalito and Dowling as to the cost of said street work to reply to said cross-complaint of the town of Sausalito. It does not appear, however, that this stipulation was at any time brought to the knowledge of the petitioner herein. The trial court denied the motion to dismiss, and counsel for plaintiff Le Mar appearing herein for the respondents rests his case upon the same grounds which were urged in opposition to the motion.

█ The writ of mandate must issue because the rights of a party to a dismissal of an action not brought to trial within five years after answer filed are determined by section 583 of the Code of Civil Procedure, and in this respect the duty of the trial court to dismiss under those circumstances is mandatory. The portion of that section applicable here reads: "Any action heretofore or hereafter commenced *shall be dismissed* by the court . . . unless such action is brought to trial within five years after the defendant has filed his answer, except where the parties have stipulated in writing that the time may be extended." That the language of this section is mandatory permits of no doubt. (*Cruse* v. *Superior Court*, 102 Cal. App. 290, 294 [283 Pac. 73]; *Larkin* v. *Superior Court,* 171 Cal. 719, 721, 722 [Ann. Cas. 1917D, 690, 154 Pac. 841]; *Ravn* v. *Planz,* 37 Cal. App. 735, 736 [174 Pac. 690].)

The only suggestion made by respondents that the case presented here is different from those cited is that we have here a single defendant demanding the dismissal of the action as to him in a case where other defendants had answered within the five-year period and where cne of the other defendants had stipulated in writing for an extension of the time of trial. To our minds the language of the section is clear and does not support the argument presented by respondents. The word "defendant" was manifestly used in the singular to tie the right of dismissal to each defendant filing his answer prior to the five-year period. This purpose is further indicated by the use of the plural in the clause immediately following this where an exception is made where "the parties" have stipulated for an extension of the time. Thus the reasonable construction of the code section is that when any defendant

has filed his answer and has not stipulated for an extension of the time of trial he is entitled to a dismissal of the action as to him if the cause is not brought to trial within five years after the filing of his answer.

We are convinced that such was the intention of the legislature in the enactment of section 583. The general purpose of the section was to force the plaintiff to exercise diligence in the prosecution of an action and to prevent unreasonable delays to harass a defendant. The members of the legislature must have known the general practice of joining nominal as well as fictitious defendants and if it had been the legislative intention to delay the running of the statute until all these defendants had answered or to stop its running if any one of them should stipulate for the postponement of the trial it would have used language expressive of that intention—language which is not found in the section as enacted.

Let a writ issue as prayed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 9, 1932, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 2, 1932.