[Civ. No. 22856. Second Dist., Div. Two. Jan. 23. 1958.]

FLOYD C. FISHER, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Schell, Delamer & Loring for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Assistant County Counsel, for Respondent.

RICHARDS, J. pro tem.*—This is a petition for a writ of mandate to require the respondent court to dismiss a civil action as to the petitioner for the failure of the plaintiff to

*Assigned by Chairman of Judicial Council.

bring such action to trial within five years after the filing thereof.

On February 7, 1952, an action for personal injuries was commenced in respondent court entitled *"Russell Georgianna,* Plaintiff, vs. *Floyd C. Fisher, John A. McDonald, et al,* Defendants." The complaint in said action alleges that the plaintiff was a painter employed by the painting subcontractor on a construction job and was injured in falling from a stepladder as a result of the negligence of a workman laying the subflooring in the building in which the plaintiff was working. It is alleged that the defendant Fisher was the general contractor and the defendant McDonald was a subcontractor and that the plaintiff is in doubt as to which of said defendants is liable. On September 8, 1952, defendant Fisher, the petitioner herein, appeared in said action by filing his demurrer to the complaint and thereafter, on June 30, 1953, the petitioner filed his answer to an amended complaint. Defendant McDonald was served with summons and complaint on February 23, 1954, and in due course appeared by filing his answer. Defendants Fisher and McDonald have been and now are each represented by separate counsel in the proceedings before the trial court. The matter was set for trial on October 30, 1956, but prior thereto a written stipulation was entered into between plaintiff, Fisher and McDonald that the trial be continued and placed off calendar subject to being reset for trial after 30 days. On December 17, 1956, a written stipulation was entered into by plaintiff, Fisher and McDonald setting said action for a pretrial hearing on March 11, 1957, and, upon the filing of said stipulation, the respondent court, on its own motion, reset said action for trial to be held on May 16, 1957. On or about March 8, 1957, counsel for petitioner advised counsel for plaintiff that petitioner intended to move to dismiss the action as to him in accordance with the provisions of Code of Civil Procedure, section 583, and it was thereupon agreed by counsel for all appearing parties that the pretrial hearing set for March 11, 1957, be placed off calendar. Accordingly, on March 11, 1957, the pretrial hearing was placed off calendar and the trial date of May 16, 1957, was vacated by order of the respondent court. On May 21, 1957, pursuant to written notice, the petitioner and his codefendant McDonald each moved to dismiss the action for lack of prosecution pursuant to the provisions of section 583, the five years from the filing of the action having elapsed on February 8, 1957. In opposition to the motions, the plaintiff

filed affidavits setting forth the facts of the previous stipulation for a pretrial hearing and affidavits alleging the absence of the defendant McDonald from the State of California for a period of approximately two years prior to the service of summons and complaint on him in February, 1954. Each motion was denied by the court, the grounds of denial being stated in the minute order as follows: "In view of the scope of Pre-trial and its purpose (Rule 8.2, 8.4, 8.6, 8.8 and the fact that one purpose is to fix the definite trial date (Rule 8.10) a stipulation to fix the Pre-trial date the five year period operates to toll the bar of C.C.P. 583; as does absence by a defendant from the state."

Section 583 of the Code of Civil Procedure provides that: ". . . Any action . . . shall be dismissed by the court in which the same shall have been commenced . . . unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended and except where it be shown that the defendant has been absent from the state or concealed therein and his whereabouts unknown to the plaintiff and not discoverable . . . upon due diligence, in which event said period of absence or concealment shall not be a part of said five-year period."

The provisions of section 583, requiring dismissal if an action is not brought to trial within five years after the filing of the complaint, unless the parties have stipulated in writing for an extension of the period, are mandatory where applicable (*Rose* v. *Knapp,* 38 Cal.2d 114, 117 [237 P.2d 981] ; *Pacific Greyhound Lines* v. *Superior Court,* 28 Cal.2d 61, 63 [168 P.2d 665] ; *Continental Pac. Lines* v. *Superior Court,* 142 Cal.App.2d 744, 749 [299 P.2d 417] ; *Ellsworth* v. *United States Metals Corp.,* 110 Cal.App.2d 727, 728 [243 P.2d 575]) unless the plaintiff brings the case within one of the exceptions provided for in the section or within one of the implied exceptions engrafted on the statute by the decisions.[1]

One of the recognized exceptions is where, for all practical purposes, proceeding to trial within the statutory period would be both impractical and futile in the light of the facts of the particular case (*Rose* v. *Knapp, supra,* p. 117; *Pacific Greyhound Lines* v. *Superior Court, supra,* pp. 64-65).

---

[1]For implied exceptions see footnote in *Ellsworth* v. *United States Metals Corp.,* 110 Cal.App.2d 727, 728-729 [243 P.2d 575].

The real parties in interest have not appeared in this proceeding but it is urged on behalf of respondent court that it was within the discretion of the trial court to determine whether the alleged absence of the codefendant McDonald from the State of California tolled the statute as to the petitioner. ■ "It has been established by case law that each defendant requiring dismissal must ask it of the superior court and that a defendant so asking is entitled to have his right to dismissal determined as to himself alone (*Larkin* v. *Superior Court,* 171 Cal. 719, 726-727 [154 P. 841, Ann.Cas. 1917D 670]; *Bank of America* v. *Superior Court,* 15 Cal.App. 2d 279, 280 [59 P.2d 461]; *Dowling* v. *Superior Court,* 122 Cal. App. 443, 445 [10 P.2d 197] (decided under the previous form of the statute))." (*Continental Pac. Lines* v. *Superior Court, supra,* 142 Cal.App.2d 744, 752.) To the same effect: *Ellsworth* v. *United States Metals Corp., supra,* 110 Cal.App.2d 727.

■ The affidavits filed by the plaintiff in opposition to the separate motions of petitioner and his codefendant McDonald were sufficient to sustain an implied finding that the codefendant McDonald was absent from the State of California for approximately two years after the filing of the action and before service of summons and complaint upon him in February of 1954. As previously stated, the action was set for trial as against petitioner and McDonald in October, 1956. There is no contention in any of said affidavits in opposition to the motion to dismiss that it would have been impossible, impracticable or futile to bring the action to trial as against petitioner at any time after the same was at issue on the amended complaint in 1953. ■ It is a general rule that in a civil action against two or more defendants the trial court has discretion to order separate trials as between the plaintiff and separate defendants (Code Civ. Proc., § 579; *Bell* v. *Staacke,* 159 Cal. 193, 196 [115 P. 221]; *Ellsworth* v. *United States Metals Corp., supra,* p. 730; *Hahn* v. *Walter,* 60 Cal. App.2d 837 [141 P.2d 925]) and the same rule applies to an action to recover damages for personal injuries against two defendants jointly charged to have been guilty of negligence which caused the plaintiff's injury. (*Cole* v. *Roebling Construction Co.,* 156 Cal. 443, 447-448 [105 P. 255].) ■ Hence, we conclude, that any period of absence of the codefendant McDonald from the State of California did not operate to extend the five-year limitation as to the petitioner herein. In *Pacific Greyhound Lines* v. *Superior Court, supra,*

28 Cal.2d 61, relied upon by respondent court, the record established as a matter of fact that the absence of one defendant in overseas military service, whose presence was necessary to properly prosecute the action, made a trial thereof impractical and futile. No such showing has been made or attempted in the case at bar.

As we have seen, the petitioner, within the five-year statutory period, stipulated to a pretrial hearing to be held on March 11, 1957, which was more than five years after the filing of the action, and following the filing of such stipulation the court on its own motion and prior to the pretrial hearing set May 16, 1957, as the date of trial. Further, by agreement of counsel on March 11, 1957, the pretrial hearing was placed off calendar and as a result thereof the trial date of May 16, 1957, was vacated by the respondent court. In denying petitioner's motion to dismiss, the above quoted minute order of the trial court would indicate its opinion that the stipulation for the pretrial hearing for a date after the expiration of the statutory period constituted a written stipulation within the provisions of section 583 extending the statutory period to the time that the date of trial would be fixed at the pretrial hearing. Petitioner contends that the stipulation for the pretrial hearing was not ''a written stipulation extending the time for trial beyond the statutory period of five years.'' (*Hastings* v. *Superior Court*, 131 Cal.App.2d 255, 258 [280 P.2d 74].) We do not find it necessary to decide this contention for it appears, as above stated, that the pretrial hearing was placed off calendar and the trial date of May 16, 1957, vacated by the court.

It is well established that a written stipulation extending the statutory period does not operate as a waiver for all future time and that such a stipulation is operative only to the date specified therein. *Miller & Lux Inc.* v. *Superior Court*, 192 Cal. 333, states the rule thus, beginning at page 337 [219 P. 1006]: ''It is, of course, well settled that any stipulation of the defendants extending the statutory period did not operate as a waiver for all future time of the right of defendants to a dismissal after the expiration of the extended period. (*Los Angeles* v. *Superior Court*, 185 Cal. 405 [197 P. 79].) . . . A written stipulation, however, expressly waiving the benefit of the section, or postponing the case to a time beyond the statutory period, would have the effect of extending the statutory period to the date to which the trial was postponed.'' In *Hunt* v. *United Artists Studio*, 79 Cal.

App.2d 619 [180 P.2d 460], it appears that after the expiration of the statutory period, the defendant stipulated to a continuance of the trial to "such time as suits the court." Pursuant thereto the trial was reset for January 3, 1945, and on that date continued until March 21, 1945. In sustaining a dismissal for failure to prosecute, the court said at page 622: "The order fixing January 3, 1945, as the day of trial exhausted the force and function of that stipulation. Consequently such stipulation may not supplement subsequent oral agreements or consents to further continuances so as to avoid the mandatory effect of the statute. (*Mercantile Investment Co.* v. *Superior Court*, 218 Cal. 770, 773 [25 P.2d 12].) Nor does one stipulation extending the statutory period operate as a waiver for all future time. (*Miller & Lux* v. *Superior Court, supra,* 337.) Subsequent to such written stipulation there were four other continuances within the following 15 months prior to November 21, 1945, when the case was dropped from the calendar. But neither one nor all of the acts of respondent in orally acquiescing in such settings for trial had the effect of a written stipulation extending in express terms the time of trial to a date beyond the five-year period. The only means whereby the defendant is bound by a postponement of the date of trial to a time beyond the statutory period is by his written stipulation expressly extending the time beyond such period or by his express waiver by writing or in open court of his right to a dismissal under section 583, Code of Civil Procedure." In *Obergfell* v. *Obergfell*, 134 Cal.App. 2d 541 [286 P.2d 462], the trial court found that correspondence between the attorneys constituted a stipulation that the matter be set for trial on January 19, 1954, a date more than five years from the commencement thereof. In sustaining a dismissal of the action the court says at page 544: "However, the action was not tried on January 19, 1954, the date agreed upon in the stipulation and on that date there were no appearances by the parties. The court then removed the cause to the master calendar to be reset for trial. There is nothing in the record to indicate that the parties stipulated to a trial of the action at a date subsequent to January 19, 1954, or that the executors waived their right to a dismissal when the matter was not brought to trial on that date. Therefore, on March 13, 1954, the motion to dismiss made by the executors was not subject to the objection that they had waived their right to a dismissal by written stipulation, or otherwise."

 Inasmuch as on May 21, 1957, when petitioner herein

moved to dismiss under section 583, there was no stipulation extant extending the time for trial nor was there on said date a date of trial set pursuant to any written stipulation or pursuant to a pretrial hearing, petitioner was within its rights to move for a dismissal and having been denied that right by the trial court is entitled to such relief in this proceedings.

Let a peremptory writ of mandate issue as prayed for.

Fox, Acting P. J., and Ashburn, J., concurred.