[Civ. No. 5638. Fourth Dist. Mar. 21, 1958.]

MARVIN HAYUTIN et al., Appellants, v. OSCAR RUD-NICK, Individually and as Executor, etc., Respondent.

Desser & Rau, Dorsey, Bultman & Bianchi, Sheldon R. Caplow, William V. Caplan and Henry E. Bianchi for Appellants.

Borton, Petrini, Conron & Brown for Respondent.

MUSSELL, J.—The original complaint in this action for breach of contract, specific performance, to impose a trust, for an accounting, and for moneys had and received was filed in Los Angeles County on November 5, 1951. On motion for change of venue, the cause was transferred to Kern County on December 28, 1951. Plaintiffs appealed from the order transferring it and the order was affirmed on December 29, 1952. (*Hayutin* v. *Rudnick,* 115 Cal.App.2d 138 [251 P.2d 707].)

Plaintiffs failed for more than five years after the action was filed to bring it to trial and on January 17, 1957, defendants filed a motion to dismiss the action for want of prosecution. This motion was made under the provisions of section 583 of the Code of Civil Procedure and on the ground that the action was not brought to trial within the time limits specified in said section. The hearing was had on this motion on January 28, 1957, and on February 13, 1957, the trial court granted the motion and entered a judgment of dismissal of the action. Plaintiffs appeal from this judgment, claiming that under the circumstances of this case it would have been impracticable, futile or impossible to bring the action to trial within the time prescribed by the statute and that it would be a miscarriage of justice to deprive plaintiffs of a trial on the merits.

In *Rose* v. *Knapp,* 38 Cal.2d 114, 117 [237 P.2d 981], the court said: "The provision of section 583, requiring dismissal if an action is not brought to trial within five years after the filing of the complaint unless the parties have stipulated for an extension of the period, is mandatory, but it is subject to implied exceptions. As stated in *Christin* v. *Superior Court,* 9 Cal.2d 526, 532-533 [71 P.2d 205, 112 A.L.R. 1153], 'The purpose of the statute is plain: to prevent *avoidable* delay for too long a period. It is not designed arbitrarily to close the proceeding at all events in five years . . .' and one exception has been recognized 'where, for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile.' (Citations.) What is impossible, impracticable or futile must, of course, be determined in the light of the facts of the particular case."

In *Hayashi* v. *Lorenz,* 42 Cal.2d 848, 851 [271 P.2d 18], it is held that "Section 583 of the Code of Civil Procedure provides, in part, 'The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has

failed for two years after action is filed to bring such action to trial . . .' The discretion is that of the trial court and it will be disturbed only in cases of manifest abuse. (*Hillsdale Builders Supply Co.* v. *Eichler,* 109 Cal.App.2d 117, 118 [240 P.2d 343], and cases there cited.)''

It was held in *Christin* v. *Superior Court,* 9 Cal.2d 526, 530 [71 P.2d 205, 112 A.L.R. 1153], that despite the mandatory language of the statute (Code Civ. Proc., § 583), implied exceptions have been recognized where it was not possible to bring the cause to trial. Thus, where an appeal from a judgment is taken, the trial court has no jurisdiction to proceed in the cause during the pendency of the appeal, and consequently the time consumed on appeal is not considered as part of the statutory period. Citing *Kinard* v. *Jordan,* 175 Cal. 13 [164 P. 894].

The record indicates that on January 24, 1952, a writ of supersedeas was granted by the District Court of Appeal, Second Appellate District, and under the provisions of section 949 of the Code of Civil Procedure, proceedings in the trial court were suspended during the pendency of the appeal from the order changing the place of trial. Under such circumstances and the holding in the Christin case, *supra,* the time during which the appeal was pending should not be taken herein as part of the statutory period. However, the decision on appeal from the order granting the change of venue was dated December 29, 1952. The remittitur was entered on the minutes of the Superior Court at Los Angeles on March 20, 1953, and the motion to dismiss for want of prosecution was not filed until January 17, 1957. On December 11, 1955, plaintiffs filed a motion for setting the cause for trial and on January 8, 1957, the cause was set for a pretrial conference.

Plaintiffs do not question the rules announced in the cases heretofore cited but contend that it would have been impracticable, futile or impossible to bring the cause to trial within the statutory period. They set forth in their opening brief a schedule of the many proceedings, motions, orders and correspondence between the parties in an effort to sustain their contention. However, in *DeMota* v. *Superior Court,* 130 Cal.App.2d 58, 62 [278 P.2d 537], it was held that the filing of numerous pleadings and the delay in giving notices, etc., standing alone are insufficient to bring the cause within one or more of the exceptions to the mandatory provisions of the statute. The record shows that considerable delay in bringing the cause to trial was caused by plaintiffs' failure to allege

a cause of action which was not subject to demurrer for on September 22, 1955, the demurrer to their fourth amended complaint was overruled by the trial court. Further delay resulted from plaintiffs' failure to take proper steps to cause the action to be transferred to Kern County and to pay the required filing fee therefor. Delay was also occasioned by the time consumed by the rulings on the demurrers to the complaints, the filing of amended pleadings, and from extensions of time for hearings requested by plaintiffs. Admittedly, the question of whether plaintiffs could have brought the action to trial within the statutory period was one of fact for the trial court and its determination cannot be set aside unless there was an abuse of discretion. As was said in *Simonini* v. *Jay Dee Leather Products Co.*, 85 Cal.App.2d 265, 268 [193 P.2d 53]:

" 'It seems well settled that the power of a trial court to dismiss an action for failure on the part of plaintiff to prosecute it with diligence is an inherent power which exists without the aid of statutory authority and that the provisions of section 583 of the Code of Civil Procedure and of other related sections must be read in the light of the existence of such inherent power.' (*Hibernia Sav. & Loan Soc.* v. *Lauffer*, 41 Cal.App.2d 725, 728 [107 P.2d 494]. Section 583 of the Code of Civil Procedure provides: 'The court may *in its discretion* dismiss any action for want of prosecution . . . whenever plaintiff has failed for two years after action is filed to bring such action to trial.' (Emphasis added.) It is well settled that the action of a trial court in dismissing an action for failure to prosecute diligently should not be disturbed except upon a showing of clear abuse of discretion (*Hibernia Sav. & Loan Soc.* v. *Lauffer, supra*; *Inderbitzen* v. *Lane Hospital*, 17 Cal.App.2d 103 [61 P.2d 514].) '. . . it is incumbent upon the appellant to establish affirmatively that there has been an abuse of discretion.' (*St. Clair* v. *Brix*, 89 Cal.App. 94, 99 [264 P. 307]; *Grigsby* v. *Napa County*, 36 Cal. 585 [65 Am.Dec. 213].)' "

In the instant case the trial court did not abuse its discretion in determining that plaintiffs failed to show that their failure to bring the cause to trial was not caused by their lack of diligence.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied April 16, 1958.