[Civ. No. 23721.   Second Dist., Div. Two.   Sept. 29, 1959.]

E. M. ROSS et al., Appellants, v. GEORGE PEPPERDINE FOUNDATION (a Corporation) et al., Defendants; GEORGE PEPPERDINE et al., Respondents.

*Assigned by Chairman of Judicial Council.

Robert J. Johnston for Appellants.

Benjamin S. Crow and Robert J. McGowan for Respondents.

ASHBURN, J.—Appeal by plaintiffs from judgments of dismissal made pursuant to motion under section 583, Code of Civil Procedure,[1] which motion was granted upon the ground that plaintiffs had failed to bring the cause to trial within five years after the filing of the action. One of these judgments is in favor of defendant George Pepperdine, made on April 24, 1958, and the other in favor of Charles M. Ross, filed April 28, 1958. This action, which was commenced on November 12, 1952, seeks recovery of damages for deceit in the form of false representations as to the financial affairs of defendant George Pepperdine Foundation.

---

[1]The pertinent portion of said section reads: ''Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended and except where it be shown that the defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff and not discoverable to said plaintiff upon due diligence, in which event said period of absence or concealment shall not be a part of said five-year period.''

By May 26, 1953, the cause was at issue upon a second amended complaint except as to said defendant Foundation, which by stipulation of plaintiffs had been relieved of the necessity of pleading to said complaint for a period of 10 days after receiving notice from plaintiffs so to do. This stipulation was made on April 28, 1953. No notice to plead was ever given and no answer to said complaint was interposed by said Foundation. However, it made a motion in a voluntary dissolution proceeding, which was pending in the same court and entitled "In the Matter of the GEORGE PEPPERDINE FOUNDATION, a corporation, In the Process of Voluntary Winding Up," that the instant action be stayed as to the Foundation. The motion was granted by order of July 20, 1953. From the incomplete record before us it seems that this was not a temporary stay but one which (at least, as a practical matter) ended the action as to the Foundation. The order says, in part: "THE COURT . . . concludes therefrom that George Pepperdine Foundation is entitled to an order staying further prosecution of said action as to it, IT IS THEREFORE ORDERED that further prosecution against George Pepperdine Foundation, one of the defendants therein, of that certain action entitled *E. M. Ross et al.*, v. *George Pepperdine Foundation et al.*, No. 608977 in the Superior Court of the State of California, in and for the County of Los Angeles be, and the same is hereby, stayed."

Pursuant to leave granted plaintiffs filed a third amended complaint on December 1, 1955. Answers thereto were filed by the following defendants: Helen Louise Pepperdine (Mrs. George Pepperdine) on December 19, 1955; Charles M. Ross on December 21, 1955; and George Pepperdine on June 6, 1956. Helen Louise Pepperdine moved for a summary judgment through notice filed on May 29, 1956. Plaintiffs filed no opposing affidavits and did not appear through counsel or in person at the time of the hearing. The motion was granted and judgment dismissing the action as to said defendant was entered on August 7, 1956.

The cause having been stayed as to the Foundation, this dismissal of Helen Louise Pepperdine reduced the ranks of the defendants interested in the present appeal to Charles M. Ross and George Pepperdine.[2] The cause remained in this posture until May 15, 1957, when plaintiffs filed a memo-

---

[2]Defendants J. B. Halbert and P. L. Rogers seem to have been nominal defendants; the transcript before us discloses as to Rogers only the fact of his filing a demurrer to the original complaint and an answer to the second amended complaint; what thereafter occurred with respect

randum for setting. April 25, 1958, was thereupon set for pretrial hearing and a trial date of June 5, 1958, was fixed. When this memorandum of setting was filed on May 15, 1957, the action had been pending approximately four and one-half years. No effort was made by plaintiffs to procure a trial date or a pretrial date before expiration of the five-year statutory period. (*Cf. J. C. Penney Co.* v. *Superior Court*, 52 Cal.2d 666, 668 [343 P.2d 919]; *Wilson* v. *Barry*, 168 Cal.App. 2d 378, 382-383 [335 P.2d 980].) The five years expired on November 12, 1957, and as noted the trial date set pursuant to that memorandum was June 5, 1958, some six months after said expiry. On March 21, 1958, defendants Charles M. Ross and George Pepperdine filed motions to dismiss and same were thereafter granted, resulting in the judgments of April 24, 1958, and April 28, 1958, which are now before us on appeal.

Appellants' first contention is that this cause was brought to trial within five years, thus the dismissal requirements of section 583 are inapplicable. The argument is that the hearings upon and decisions sustaining demurrers, and the summary judgment proceedings, constituted "partial trials" of issues of law and fact in the case (*cf.* 16 Cal.Jur.2d, § 35, p. 192). Reliance is placed upon *Smith* v. *Los Angeles*, 84 Cal.App.2d 297, 301-303 [190 P.2d 943], and *Berri* v. *Superior Court*, 43 Cal.2d 856, 859-860 [279 P.2d 8], to sustain this position. They are inapplicable. In both cases a demurrer was sustained *without* leave to amend, which is not true at bar.

In the instant case, none of the rulings on demurrer resulted in a final determination of the action. Each demurrer was sustained *with* leave to amend, amended complaints were in fact filed, and upon the filing of respondents' answers the case was at issue and ready for trial. ▉ "The rule is established that 'the hearing of a demurrer is not a trial, within the meaning of section 583, unless the ruling on the demurrer is a final determination of the rights of the parties.' (*Anderson* v. *City of San Diego*, 118 Cal.App.2d 726, 731 [258 P.2d 842]; *Berri* v. *Superior Court*, 43 Cal.2d 856, 858 [279 P.2d 8].)" (*Legg* v. *United Benefit Life Ins. Co.*, 136 Cal.App.2d 894, 897 [289 P.2d 553].)

---

to him is not shown. It is said in one of the affidavits used upon the motion for summary judgment that defendant J. B. Halbert had died several years previously; further than that the transcript does not disclose what proceedings were actually taken against him.

Appellants' contention as to the effect of the summary judgment is likewise without merit. ■ A summary judgment proceeding is not a trial upon the merits; it determines only whether any triable issues of fact exist. (*Walsh* v. *Walsh,* 18 Cal.2d 439, 441 [116 P.2d 62] ; *Desny* v. *Wilder,* 46 Cal.2d .715, 725-726 [299 P.2d 257].) The moving parties may be less than all of the defendants named in the action. (See *Barry* v. *Rodgers,* 141 Cal.App.2d 340, 342-343 [296 P.2d 898].) True, it is a final determination in this case as to Helen Louise Pepperdine; she made an independent showing, by way of affidavits in support of her motion, that there was no issue of fact to be tried against her. But the proceeding and judgment determined nothing as to these respondents.

■ The case is a proper one for a several judgment (Code Civ. Proc., § 579), and there being no triable issue as against Helen Louise Pepperdine, one of several defendants, a final judgment disposing of the case as to her does not prevent the court from proceeding against respondents. (*Cf. Weisz* v. *McKee,* 31 Cal.App.2d 144, 147 [87 P.2d 379] ; *Williamson* v. *Joyce,* 140 Cal. 669, 671-672 [74 P. 290].) We conclude that none of the proceedings hereinabove mentioned constituted a "partial trial" as to these respondents within the meaning of section 583.

■ To escape the mandatory language of said section, counsel for appellants invokes cases such as *Christin* v. *Superior Court,* 9 Cal.2d 526, 530 [71 P.2d 205, 112 A.L.R. 1153], *Rose* v. *Knapp,* 38 Cal.2d 114 [237 P.2d 981], *Wyoming Pacific Oil Co.* v. *Preston,* 50 Cal.2d 736, 740-741 [329 P.2d 489], and *South* v. *Wishard,* 165 Cal.App.2d 8, 13 [331 P.2d 227], .which recognize as ground for extension of the statutory .period "impracticability and futility of action which could have been taken" within the prescribed five-year period. This doctrine of impracticability was restated by us in *Fisher* v. *Superior Court,* 157 Cal.App.2d 126, 129 [320 P.2d 894] : "The provisions of section 583, requiring dismissal if an action ·is not brought to trial within five years after the filing of the complaint, unless the parties have stipulated in writing for an extension of the period, are mandatory where applicable (citing cases) unless the plaintiff brings the case within one of the exceptions provided for in the section or within one of the implied exceptions engrafted on the statute by the decisions.

■ "One of the recognized exceptions is where, for all practical purposes, proceeding to trial within the statutory

period would be both impractical and futile in the light of the facts of the particular case (citing cases)."

Counsel urges the delays incident to the summary judgment and the stay order with respect to the Foundation as sufficient in the aggregate to reduce plaintiffs' delay to something less than five years. It should be noted that neither of those orders was appealed nor any other effort made to review them in any way. Counsel also relies upon one other matter not heretofore mentioned, i.e., delay incident to a change of venue in the early stages of the case. All the defendants were residents of Los Angeles County, but this transitory action was filed in San Diego County. ▆▆ The motion for change of venue was granted and any delays incident thereto are chargeable to plaintiffs as inept procedure (cf. *Hayutin* v. *Rudnick*, 158 Cal.App.2d 593, 596 [322 P.2d 1023]) without any color of excusable inaction.

▆▆ Many other delays are also said to place the case in the category of impracticability and futility of affirmative and vigorous prosecution. This argument cannot prevail. Such matters are governed by the principle announced in *Continental Pac. Lines* v. *Superior Court*, 142 Cal.App.2d 744, 750 [299 P.2d 417] : "It [the statute] was amended to measure the five years from the beginning of the action, and it was intended that the five years allowed should be considered sufficient to afford fair opportunity to bring a cause to trial, even though a part of the five-year period must necessarily be consumed in service of process, disposition of demurrers, amendment of pleadings, if necessary, usual and reasonable time consumed in waiting for a place on the court's calendar or in securing the attendance of a jury and suchlike usual and necessary proceedings; but the section does not contemplate that time consumed in such ordinary proceedings are to be excluded from a computation of the five-year period." See also *J. C. Penney Co.* v. *Superior Court, supra,* 52 Cal.2d 666, 670; *DeMota* v. *Superior Court,* 130 Cal.App.2d 58, 62 [278 P.2d 537] ; *Breakstone* v. *Giannini,* 70 Cal.App.2d 224, 229 [160 P.2d 887] ; *Hibernia Sav. & Loan Soc.* v. *Lauffer,* 41 Cal.App.2d 725, 731 [107 P.2d 494] ; *Bank of America* v. *Superior Court,* 84 Cal.App.2d 34, 36 [189 P.2d 799].

Appellants' attempted tacking of the delays due to Mrs. Pepperdine's summary judgment and the Foundation's stay order must fail of fruition because it ignores an important limitation upon the "impracticability" doctrine which has been engrafted onto the statute. ▆▆ This is a tort action,

one for deceit, and the wrongdoers (if any) are jointly and severally liable. Suit could have been brought against all or any of them originally and the cause, being essentially divisible, may be severed at any time by order of court (Code Civ. Proc., §§ 578, 579) or by dismissing any defendant or defendants and proceeding against the rest of them. ▮ On this subject we said, in *Fisher* v. *Superior Court, supra,* 157 Cal.App.2d 126, 130: "It is a general rule that in a civil action against two or more defendants the trial court has discretion to order separate trials as between the plaintiff and separate defendants [citations] and the same rule applies to an action to recover damages for personal injuries against two defendants jointly charged to have been guilty of negligence which caused the plaintiff's injury. [Citation.] Hence, we conclude, that any period of absence of the codefendant McDonald from the State of California did not operate to extend the five-year limitation as to the petitioner herein." To the same effect, see *Black* v. *Bringhurst,* 7 Cal.App.2d 711, 714 [46 P.2d 993]; *Stafford* v. *Yerge,* 139 Cal.App.2d 851, 853-854 [294 P.2d 721].

▮ From this it logically follows that, as stated in *Continental Pac. Lines* v. *Superior Court, supra,* 142 Cal.App.2d 744, 752, "each defendant requiring dismissal must ask it of the superior court and that a defendant so asking is entitled to have his right to dismissal determined as to himself alone (*Larkin* v. *Superior Court,* 171 Cal. 719, 726-727 [154 P. 841, Ann.Cas. 1917D 670]; *Bank of America* v. *Superior Court,* 15 Cal.App.2d 279, 280 [59 P.2d 461]; *Dowling* v. *Superior Court,* 122 Cal.App. 443, 445 [10 P.2d 197] (decided under the previous form of the statute))." See also *Ellsworth* v. *United States Metals Corp.,* 110 Cal.App.2d 727, 730 [243 P.2d 575]. ▮ *Dowling* v. *Superior Court,* 122 Cal.App. 443, 445 [10 P.2d 197], treats the matter as follows: "The only suggestion made by respondents that the case presented here is different from those cited is that we have here a single defendant demanding the dismissal of the action as to him in a case where other defendants had answered within the five-year period and where one of the other defendants had stipulated in writing for an extension of the time of trial. To our minds the language of the section is clear and does not support the argument presented by respondents. The word 'defendant' was manifestly used in the singular to tie the right of dismissal to each defendant filing his answer **prior** to the five-year period. *This purpose is further indicated*

by the use of the plural in the clause immediately following this where an exception is made where 'the parties' have stipulated for an extension of the time. Thus the reasonable construction of the code section is that when any defendant has filed his answer and has not stipulated for an extension of the time of trial he is entitled to a dismissal of the action as to him if the cause is not brought to trial within five years after the filing of his answer.

"We are convinced that such was the intention of the legislature in the enactment of section 583. The general purpose of the section was to force the plaintiff to exercise diligence in the prosecution of an action and to prevent unreasonable delays to harass a defendant. The members of the legislature must have known the general practice of joining nominal as well as fictitious defendants and if it had been the legislative intention to delay the running of the statute until all these defendants had answered or to stop its running if any one of them should stipulate for the postponement of the trial it would have used language expressive of that intention—language which is not found in the section as enacted."

The Ross and Pepperdine motions to dismiss were made separately and the orders thereon affect them individually. Each being entitled to have the motion considered independently as to him, any delays incident to Mrs. Pepperdine's summary judgment or the Foundation's stay order could not excuse failure of plaintiffs to proceed against said Ross or said George Pepperdine. At any juncture of the case it could have been severed by order of court so as to proceed against them alone. The joinder or retention of other defendants against whom no cause of action existed (as in the case of Mrs. Pepperdine), or as to whom it had ceased to exist (e.g., the Foundation), could not excuse subsequent delays not caused by either of the respondents or consented to by them.

Inasmuch as the court granted the motions to dismiss, the five-year limitation of section 583 is not controlling upon appeal. The trial court was vested with judicial discretion to dismiss for want of prosecution extending over a period of less than five years. (16 Cal.Jur.2d § 29, p. 177.) The record at bar discloses a long course of dilatory procedure on the part of plaintiffs and the court was justified in making the instant orders as a matter of sound discretion even if it be conceded, contrary to sound reasoning, that the five-year period had not run in the present case.

The judgments of dismissal in favor of defendants George Pepperdine and Charles M. Ross are, and each of them is, affirmed.

Fox, P. J., and Herndon, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 25, 1959.