[Civ. No. 33.   Fifth Dist.   Feb. 6, 1962.]

McDONALD CANDY COMPANY, Cross-complainant and Appellant, v. D. W. LASHUS et al., Cross-defendants and Respondents.

Hanna & Brophy for Cross-complainant and Appellant.

McCormick, Barstow, Sheppard & Coyle, R. A. McCormick and Hollis G. Best for Cross-defendants and Respondents.

BROWN, J.—This is an appeal from an order of the Superior Court dismissing appellant's cross-complaint, said order being entered on motion of respondents pursuant to section 583 of the Code of Civil Procedure, a portion of which section reads as follows:

"When, in any action after judgment, a motion for a new trial has been made and a new trial granted, such action shall be dismissed on motion of defendant after due notice to plaintiff, or by the court of its own motion, *if no appeal has been taken,* unless such action is brought to trial within three years after the entry of the order granting a new trial, except when the parties have filed a stipulation in writing that the time may be extended." (Italics added.)

Trucks owned by respondent Lashus (respondent Henson, the driver), McDonald Candy Company (Monroe, the driver), and Dart Transportation Company (Fish, the driver), were involved in a collision on a public highway in Fresno County on November 19, 1954.

Separate complaints for damages were filed, as follows: Monroe filed an action against Lashus, Henson, Fish and Dart Transportation Company. Lashus filed a cross-complaint against Monroe and McDonald Candy Company; and McDonald Candy Company filed a cross-complaint against Lashus and Henson. This case was tried by a jury and a verdict reached on June 11, 1957, which awarded $20,500 to plaintiff Monroe against Lashus, Henson, Fish and Dart Transportation Company. A verdict was also rendered in favor of appellant and against respondents Lashus and Henson on appellant's cross-complaint in the amount of $11,458.

On August 12, 1957, motions were made for a new trial, at which time the motions of Dart Transportation Company and Fish (in the Monroe case) were denied and they appealed

from the judgment entered pursuant to the verdict; Lashus and Henson (in the McDonald and Monroe cases) were granted a new trial, and no appeal was taken by the complaining parties. Dart Transportation Company and Fish lost their appeal by a ruling made April 27, 1959.[*]

Thereafter, on December 14, 1960, appellant was noticed by respondents for an appearance on a motion for an order to dismiss for want of prosecution within three years from the time a new trial was granted, as provided in section 583 of the Code of Civil Procedure. The motion was granted. This appeal from the judgment of dismissal then ensued.

Appellant's position is that the trial court erred in granting the motion because the period of time between August 12, 1957 (the date of the granting of the motion for a new trial), and the appellate court's decision affirming the trial court's ruling, April 27, 1959, *should be added to the period of time covered by the Code of Civil Procedure, section 583.* This would amount to a period of one year, 8 months and 15 days. Appellant claims it could not have reasonably proceeded with this litigation until the appeal was settled. In support of its argument, appellant states that there was duplication of identical issues for trial and it could not try this case while the other one was on appeal, and therefore, the limitation on time should be tolled.

The principal question to be answered by this court is: What is the meaning of the words "if no appeal has been taken" contained in section 583 of the Code of Civil Procedure?

There are no cases construing this portion of section 583 that we have been able to find. The phrase "if no appeal has been taken" does not refer to all the parties involved in a matter, but means "if no appeal has been taken by the party to the action against whom a new trial has been granted." Appellant claims that to charge it with a period of time while the other party's matter is on appeal deprives it of that period and shortens the three-year period as set forth in section 583 of the Code of Civil Procedure.

It is true that the time for the order changing venue is not to be counted as part of the time specified in section 583 of the Code of Civil Procedure. (*Christin* v. *Superior Court,* 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153].)

There are cases which extend the mandatory language contained in section 583 (as to the five-year period) where going

---

[*]*Monroe* v. *Lashus,* 170 Cal.App.2d 1 [338 P.2d 13].

to trial would be impossible and thus impracticable and futile. In *Muller* v. *Muller,* 179 Cal.App.2d 815, 817 [4 Cal.Rptr. 419], the court said:

"Despite its mandatory language, the courts have held section 583 to be subject to certain implied exceptions in addition to the ones expressed therein. 'Thus, the time during which "for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile" [case cited] must be excluded in computing the five-year period.' (*J. C. Penney Co.* v. *Superior Court,* 52 Cal.2d 666, 671 [343 P.2d 919] ; . . . .)''

It was stated in *J. C. Penney Co.* v. *Superior Court,* 52 Cal. 2d 666, 670 [343 P.2d 919]:

"On the contrary, it has been held that '. . . even though a part of the five-year period must necessarily be consumed in service of process, disposition of demurrers, amendment of pleadings, if necessary, usual and reasonable time consumed in waiting for a place on the court's calendar or in securing the attendance of a jury and suchlike usual and necessary proceedings; . . . the section does not contemplate that time consumed in such ordinary proceedings are to be excluded from a computation of the five-year period.' (*Continental Pacific Lines* v. *Superior Court,* 142 Cal.App.2d 744, 750 [299 P.2d 417].)''

And in *Union Bond & Trust Co.* v. *M & M Wood Working Co.,* 179 Cal.App.2d 673 [3 Cal.Rptr. 920], at pages 676 and 678, the court said:

"Whether it is impossible, impracticable or futile to proceed to trial is to be determined in the light of the circumstances in each case.''

"We cannot accept the view that litigation brought on by the wilful default of one party necessarily extends the time for trial of an independent action brought by him against one in no way involved in the agreement in default.''

As stated in *Hayutin* v. *Rudnick,* 158 Cal.App.2d 593, 596 [322 P.2d 1023]:

"Admittedly, the question of whether plaintiffs could have brought the action to trial within the statutory period was one of fact for the trial court and its determination cannot be set aside unless there was an abuse of discretion. As was said in *Simonini* v. *Jay Dee Leather Products Co.,* 85 Cal.App.2d 265, 268 [193 P.2d 53]:

" 'It seems well settled that the power of a trial court to dismiss an action for failure on the part of plaintiff to prosecute it with diligence is an inherent power which exists without the aid of statutory authority and that the provisions of section 583 of the Code of Civil Procedure and of other related sections must be read in the light of the existence of such inherent power.' . . .

"It is well settled that the action of a trial court in dismissing an action for failure to prosecute diligently should not be disturbed except upon a showing of clear abuse of discretion [citations]. '. . . it is incumbent upon the appellant to establish affirmatively that there has been an abuse of discretion.' "

In *Pacific Greyhound Lines* v. *Superior Court*, 28 Cal.2d 61 [168 P.2d 665], the court referred to the military service of one of the defendants as being a question of fact for the court to determine in considering whether it was impracticable and futile to proceed with the case.

In *Jensen* v. *Western Pac. R. R. Co.*, 189 Cal.App.2d 593 [11 Cal.Rptr. 444], the court said at page 597:

"It is settled that a pending appeal serves as an excuse for delay only where it involves 'the very basis of the action sought to be dismissed.' "

In the present case, even in the event Dart Transportation Company and Fish had been successful on appeal, neither Monroe, Dart Transportation Company nor Fish would have been involved in the retrial of the cross-complaint involving the appellant and respondents herein.

Where there is both a complaint and a cross-complaint there are actually two separate actions pending and the issues joined upon the cross-complaint are completely severable from the issues of the original complaint and answer. (*Schrader* v. *Neville*, 34 Cal.2d 112, 114 [207 P.2d 1057]; and *Douglas* v. *Superior Court*, 94 Cal.App.2d 395 [210 P.2d 853].)

In construing the five-year limitation of section 583 of the Code of Civil Procedure as it applies to a cross-complaint, we would state the law to be that the action on the cross-complaint shall be dismissed "unless such action [the action on the cross-complaint] is brought to trial within five years after the plaintiff [cross-complainant] has filed his action." Therefore, the complaint and cross-complaint are to be considered as completely separate actions under section 583 insofar as the five-year period is concerned, and the same would follow under the three-year period after a new trial

is granted, which is here under consideration; and hence, an appeal by one of the defendants in the original action can in no way affect the rights of the parties to the cross-complaint insofar as the mandatory dismissal provisions of section 583 are concerned.

The provisions of section 583 of the Code of Civil Procedure under consideration are mandatory. This section states, in part:

". . . such action shall be dismissed on motion of defendant after due notice to plaintiff, or by the court of its own motion, . . ."

The last sentence of section 583 states that certain actions must be dismissed unless brought to trial within the three-year period, and in *Legg* v. *United Benefit Life Ins. Co.*, 136 Cal.App.2d 894 [289 P.2d 553], the court, in construing this provision of section 583, states at page 896:

"It will be noted that the portion of section 583 which is here applicable does not incorporate any of the exceptions found in the earlier portions of the section excusing delay in bringing an action to trial. The language used in the last sentence of section 583 is mandatory—the action *must* be dismissed—and there are no exceptions."

The last portion of section 583 is similar to the language in that portion considered in this case under appeal. In both instances the language is mandatory; both have the same three-year period of limitations and are alike except that in the matter which we have before us under appeal are the exceptions, "if no appeal has been taken" and, "when the parties have filed a stipulation in writing that the time may be extended." There is no stipulation involved in this appeal.

The order is affirmed.

Stone, Acting P. J., concurred.

Conley, P. J., deeming himself disqualified, did not participate.